[L. A. No. 7161. In Bank.—October 17, 1923.]

## CARL ANDERSON, Respondent, v. UNITED STAGES, INC., Appellant.

[1] NEGLIGENCE — PERSONAL INJURIES — ACTION FOR DAMAGES—VERDICT—EVIDENCE.—In an action to recover damages for personal injuries received by plaintiff in an automobile collision while riding as a passenger of the defendant in one of its automobile stages, where the evidence showed that the plaintiff at the time of the accident was forty-seven years old and in the enjoyment of very good health, and that the injuries received were of a very serious character, not only with regard to their severity at the

time of the accident and during the period of recovery, but also that in some respects the resulting injuries were of a permanent character, it cannot be said on appeal that the jury, in rendering a verdict for $3,238.84, was influenced by passion or prejudice or abused its discretionary power.

[2] ID. — PHYSICAL EXAMINATION OF PLAINTIFF — APPOINTMENT OF SURGEON — REQUEST OF DEFENDANT—DUTY OF COURT.—While it may well be that a court in an action for damages for personal injuries is authorized to make an order requiring the plaintiff to be examined by physicians selected by the defendant in order to enable the defendant to obtain evidence necessary to his defense, the law does not impose upon the court any duty to obtain and produce evidence, by appointing some surgeon to examine the plaintiff and report and testify concerning his condition, at the instance of the defendant without the consent of the plaintiff.

[3] ID.—ALLEGED MISCONDUCT — ASSIGNMENT OF ERROR — APPEAL.— The defendant cannot on appeal successfully urge that counsel for plaintiff was guilty of misconduct in several instances during the trial, where counsel for defendant made no objection which can be construed as amounting to an assignment of error at the time when those incidents occurred or at any time during the trial.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Thomas and B. P. Gibbs for Appellant.

John H. Wellman, Walter M. Campbell and Bertrand J. Wellman for Respondent.

CONREY, J., *pro tem.*—The defendant appeals from a judgment rendered against it in an action to recover damages for personal injuries received in an automobile collision while the plaintiff was riding as a passenger of the defendant in one of its automobile stages. Since appellant in its reply brief concedes that it is liable to the plaintiff in some amount, we shall omit from further consideration all of the points relied upon in the opening brief, except those connected with the contention that the amount of the verdict is excessive.

[1] The plaintiff, in addition to his demand for damages on account of the injuries received, claimed certain items of special damage amounting in the aggregate to the sum of

$738.84. Because the verdict and judgment are for the sum of $3,238.84, appellant argues that the general damages allowed were $2,500 and that the special items were allowed in full. It then contends that not only is the $2,500 an excessive allowance, but also that some of the special items, in whole or in part, are not supported by the evidence. But the verdict was for a lump sum without any segregation of items of which the verdict may have been composed. Assuming, as claimed by appellant, that more than $300 of the special items are not supported by the evidence, it only results that the general damages were allowed in the sum of a little over $2,800 instead of $2,500.

There is evidence tending to prove that the plaintiff at the time of the accident was forty-seven years old and in the enjoyment of very good health; that when the collision occurred he immediately lost consciousness and did not regain consciousness until after he was in a hospital; that he received bruises on the head and other injuries to the back and hip; that his right ear was mangled and torn; that there were contusions on his right leg, right hip and in the scrotal region; that he was kept in the hospital about six weeks and during that time lost about twenty-four pounds in weight; that at a time four months subsequent to the accident his back was extremely tender, with marked pain in the groin, which the physician who examined him at that time considered to be the cause of the fact that plaintiff limped in walking. It is not necessary to state the evidence in further detail. Unquestionably it is sufficient to show that the injuries received were of a very serious character, not only with regard to their severity at the time of the accident and during the period of recovery, but also that in some respects the resulting injuries are of a permanent character. Under these circumstances we would not be justified in concluding that the jury was influenced by passion or prejudice or abused its discretionary power in determining the amount of its verdict.

[2] Prior to the close of the testimony on behalf of the plaintiff, counsel for defendant suggested to the court that the court appoint some surgeon to examine the plaintiff and report and testify concerning the condition of the plaintiff at that time. In response the judge expressed an opinion that the court did not have the power to take such action

except with the consent of both parties. Such consent was not given. Prior to that time the defendant had caused the plaintiff to be examined by a physician selected by it, and his testimony was introduced in evidence. It does not appear that the defendant was prevented from having made further examinations of the plaintiff such as it desired. Moreover, counsel for defendant expressly stated that he did not believe that the court had power to order such examination, and did not · further insist upon the making of such order.

It is now contended by appellant that the trial court did have power to make and enforce the suggested order, irrespective of the consent of the other party, and that "the court erred in denying the motion." It relies on the case of *Johnston* v. *Southern Pac. Co.,* 150 Cal. 535, 540 [11 Ann. Cas. 841, 89 Pac. 348], as the controlling authority on this point. But an examination of that decision shows that the question presented here was not decided at all and was not before the court. In that case the defendant was seeking to obtain an order requiring the plaintiff to submit to a physical examination by reputable physicians selected by the defendant. The court refused to make the order solely because the court believed that it was powerless so to do. On appeal it was held that the court did have that power. It may well be that a court is authorized to make such an order in order to enable the defendant to obtain evidence necessary to his defense. But we do not think the law imposes upon the court any duty to obtain and produce evidence at the instance of one party without the consent of the adverse party.

[3] Appellant suggests that counsel for plaintiff was guilty of misconduct in several instances during the trial. It is a sufficient answer that counsel for defendant made no objection which can be construed as amounting to an assign· ment of error at the time when those incidents occurred or at any time during the trial. Moreover, it is extremely doubtful whether the defendant suffered prejudice by reason of any of said statements of counsel of which he complains.

The judgment is affirmed.

Lawlor, J., Waste, J., Kerrigan, J., Richards, J., *pro tem.,* Seawell, J., and Wilbur, C. J., concurred.