[Civ. No. 7067. First Appellate District; Division Two.—December 18, 1929.]

H. R. SWARTZ et al., Respondents, v. ACME EXPRESS AND DRAYAGE COMPANY (an Association) et al., Appellants.

Hadsell, Sweet & Ingalls and Snook & Snook & Chase for Appellants.

Rothchild & Golden and J. A. Pritchard for Respondents.

NOURSE, J.—Plaintiffs sued for damages for personal injuries. The cause was tried before a jury, which returned a verdict for plaintiffs for five thousand dollars. From the judgment on the verdict the defendants appeal on typewritten transcripts.

Mrs. Swartz was driving her automobile in a westerly direction along the public highway between Walnut Creek and Lafayette, in Contra Costa County, when, in approaching a curve on the highway, she collided with a trailer attached to a truck operated by defendants and which was at the time being driven in an easterly direction along the same highway. The left wheel of the trailer struck the left front wheel of plaintiffs' car in such a manner that the steering-gear was jammed. The Swartz car then proceeded slowly across the left-hand side of the highway a distance of about thirty-five feet to the edge of a creek, paused momentarily, and then plunged down to the stream bed, where it turned on its side and where Mrs. Swartz received the injuries complained of. The negligence charged to the defendants is the operation of the truck at an excessive rate of speed—about twenty-six miles an hour; the careless attachment of the trailer which permitted it to swing to the left on the curve; and the driving of the truck too near the center of the highway. The defendants denied all these charges of negligence and set up the contributory negligence of Mrs. Swartz, consisting in her driving with one hand and with eyes averted from the highway while giving attention to her small child seated in the rear of the automobile, and in her failure to apply either her foot or emergency brake after the collision or to take any other means to prevent her car from going into the creek bed.

On the issue of defendants' negligence the evidence was conflicting, but sufficient appears to support the jury's verdict adverse to the defendants. The first charge of contributory negligence was denied in a measure by Mrs. Swartz and the jury apparently accepted her testimony. The second charge comes directly from her own testimony and is

without any contradiction in the record. No special issue was made of it and no special instruction was requested by the defendants. The point comes to us on this appeal to determine whether the admitted facts constitute contributory negligence as a matter of law because, if the issue is one of fact only, the verdict of the jury must stand unless the record presents reversible error. Thus, if the verdict had been for the defendants the evidence of Mrs. Swartz's negligence in this respect would have been sufficient to sustain it, but with the verdict for plaintiffs we must assume that the jury found that Mrs. Swartz was not guilty of a failure to use ordinary care under the circumstances. Therefore, the question is, Does the admitted conduct constitute contributory negligence as a matter of law? Ordinarily, in cases of this character, the language of *Williams* v. *Pacific Electric Ry. Co.*, 177 Cal. 235, 237, 238 [170 Pac. 423, 424], applies. It is there said: ''The question of contributory negligence is one of fact for the jury to solve under proper instructions, and not one of law, save in those cases in which, judged in the light of common knowledge and experience, there is a standard of prudence to which all persons similarly situated must conform. In such cases failure to reach that standard is contributory negligence as a matter of law.''

 The defense of contributory negligence being an affirmative defense, the burden of proving which is on the defendant, it is necessary for the defendant to show that the acts of the plaintiff failed to meet some ''standard of prudence'' in order to take the issue from the jury as a question of law alone. One basis of determination of this question is, Are the facts such that they would justify the trial court in granting a nonsuit because of the plaintiffs' contributory negligence alone? If the facts were not of such a nature, then the issue must be submitted to the jury under proper instructions as one of the issues of fact for its determination. Here, though the evidence is clear that Mrs. Swartz did not apply her brakes after the impact and before her car plunged into the creek bed, there is no evidence to show that she did not use other means to prevent the plunge which at the time seemed most prudent to her. She testified that she endeavored to turn the steering-wheel to get off the left-hand side of the highway. Her danger from

stopping on the left side of the highway on a "blind curve" may have seemed greater than a plunge into the creek bed.

In any event, in the absence of some rule of conduct which is established by statute, by judicial decision, or by established custom or practice, we cannot say that any particular method employed to avoid injury is negligence as a matter of law because it is not the method that we would have used under the same circumstances. When, therefore, the issue is such that it must be left with the jury and the jury has returned a verdict for the plaintiff, we must assume that the jury found adversely to the defendant on the issue of contributory negligence. Such finding is just as conclusive on appeal as the jury's finding on the issue of defendant's negligence.

Error is assigned to the following incident which occurred during the examination for the selection of the jury. "The Court: . . . I might ask, Mr. Snook, if there is any insurance company mentioned in this case, any insurance carrier, that you want to interrogate the jurors in reference to? Mr. Snook: No, I don't, your Honor. Mr. Golden: I do, your Honor. The Court: Well, I will give you the opportunity hereafter." The appellants claim that the remarks of the court brought to the attention of the jury that the defendants were insured, but they did not object or request an instruction and this forecloses consideration of the point on appeal. (*Anderson* v. *United Stages, Inc.,* 192 Cal. 250, 253 [219 Pac. 748]; *Hughes* v. *Hartman,* 206 Cal. 199 [273 Pac. 560].)

Appellants complain of instruction number 25, which was given at the request of respondents. This instruction advised the jurors as to what elements they could consider in assessing damages "if you find from the evidence that the plaintiffs are entitled to a verdict." The appellants argue that the instruction was erroneous because it permitted a verdict for the respondents irrespective of the defense of contributory negligence. But the latter issue was fully covered in numerous other instructions given.

Further complaint is made of the refusal to give three listed instructions on the subject of contributory negligence. We find no error here as the subject matter of the requested instructions was covered by other instructions

given at the request of the respondents. It is true that the instructions given were not worded in language as favorable to the appellants as were those refused, while those touching the issue of appellants' negligence were given at respondents' request and were framed in language most favorable to respondents, and, though we may not approve this practice, it has been held not to be reversible error. (*Bergen* v. *Tulare County Power Co.*, 173 Cal. 709, 721 [161 Pac. 269].)

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 17, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1930.

All the Justices present concurred.