[Civ. No. 4170. Third Appellate District.—February 19, 1931.]

AUGUST E. WAUCHOPE et al., Respondents, v. FRED BAUMBACK, Appellant.

Levinsky & Jones, Morgan J. Doyle and Edward I. Fitzpatrick for Appellant.

Kilpatrick & Goodman for Respondents.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment which was rendered upon a verdict for damages for personal injuries resulting from a collision between automobiles.

The only question involved in the appeal is whether the plaintiff was guilty of contributory negligence.

Kettleman Lane and Quimby Avenue intersect at right angles one mile south from Lodi. The first mentioned lane runs east and west. The other one extends north and south. Both roadways are surfaced with asphalt pavement. Each is about 18 feet in width with a dirt shoulder on either side. There is no grade at the intersection of these highways. A danger sign was stationed near the western border of Quimby Avenue 200 feet from its intersection with Kettleman Lane. November 13, 1929, at 9 o'clock P. M. the plaintiff, accompanied by his wife, was driving southerly along Quimby Avenue in their Dodge automobile. At the same time the defendant was driving easterly along Kettleman Lane. It was dark and the headlights of both cars were turned on. The night was clear. The pavement was dry. The brakes on the plaintiff's car were in good condition. There was a line of trees on the westerly side of Quimby Avenue, north of Kettleman Lane, obscuring the view to some extent. The plaintiff approached the intersection of these streets at about 25 miles an hour. When he reached a point 30 feet northerly of the intersection his speed was reduced to 16 miles an hour. His view being somewhat obstructed by the trees to his right, the plaintiff

did not observe the headlights of the defendant's car until he reached a point about 10 feet from the intersection. The defendant's machine was then 50 or 75 feet westerly from the intersection and was running at a speed of about 45 miles an hour. There were stop signs on Kettleman Lane along which the defendant was driving. When the plaintiff first saw the lights of the defendant's car, he shut off the gas, but permitted the car to roll along on its own momentum, thinking the defendant would stop on account of the signs. Almost instantly he realized the defendant was not slackening his speed, and therefore began to put on his brakes. At first they were not applied with full force. The plaintiff did not think the defendant would run past the stop sign without stopping. Realizing very soon that the defendant was not going to stop, the plaintiff applied his brake with full force causing the rear wheels to skid, and instantly turned his machine to the left to avoid the collision which seemed imminent. The machines came in contact near the center of the intersection. Defendant's car ran off the road some 75 feet and landed in a vineyard. The plaintiff's car was overturned. Both the plaintiff and his wife were seriously injured. The jury rendered a verdict in favor of the plaintiff for the sum of $2,000. The amount of this verdict is not challenged.

■ The question of contributory negligence under the circumstances of this case was a problem for the determination of the jury. (19 Cal. Jur. 735, sec. 141; *Swartz* v. *Acme Exp. & D. Co.*, 102 Cal. App. 615 [283 Pac. 358].) Where the circumstances are such that reasonable minds may differ regarding the question as to whether a plaintiff is guilty of contributory negligence, a judgment in his favor will not be disturbed on appeal. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125].) There is ample evidence to support the judgment and implied findings of the jury to the effect that the plaintiff was not guilty of contributory negligence.

The plaintiff testified: "At the northerly boundary line of the intersection . . . [my machine was going] not over fifteen miles an hour. . . . Q. What did your speedometer register at that time [30 feet before reaching the intersection]? A. About sixteen [miles an hour]. . . . Q. Did you see a machine coming? A. Not until I was within

about ten feet of the intersection line. . . . Q. Where were these lights you saw on Kettleman lane . . . , how far west of that westerly boundary line were the lights, in feet? A. Between fifty and seventy-five feet. . . . I saw the flash of the lights and slapped on my brakes, and I got hit then. . . . Q. Did those lights appear to be moving rapidly? . . . A. I should judge about forty-five miles an hour. . . . I had taken my foot off the accelerator, but had not thrown out the clutch. . . . Q. Were your brakes in good condition? A. Yes. . . . Q. How many feet would it take you to stop the car [running sixteen miles an hour]? A. I should judge twelve or fifteen feet. . . . Q. Why is it your car did not stop . . . ? A. I expected him to stop at the intersection. . . . I applied the brakes when I saw he did not slack up at the intersection. . . . As I came to the intersection line, I started to push in my brake . . . but did not apply them enough to stop the car at that point, . . . ten feet north of the boundary line. . . . I saw the lights were not stopping, and I turned to the left . . . trying to get out of the way. . . . Q. How far west [was the machine then]? A. I suppose twenty-five feet. . . . I don't think they slacked up in speed at all. . . . Q. Could you have stopped your car in a distance of twenty feet? . . . A. I could have if I had thought it was necessary. . . . Q. Why didn't you bring your automobile to a stop right then? A. Because nobody is supposed to pass a stop sign. *A stop sign is there.* . . . Q. Will you tell us where you were . . . when you first realized that the lights which you saw on the other car would not be able to stop? . . . A. I had crossed the line of intersection. . . . [I made] the turn to the left to prevent him from hitting me. . . . Q. How soon after you realized the other car would not stop, did you turn to the left and jam on your brakes? A. As soon as I possibly could. . . . Q. Where were you at the time you saw this car at 'A 3'? A. In the intersection. . . . . Q. At that time you realized that car could not stop . . . ? A. I didn't know whether it could or not. . . . I applied my brakes as soon as I thought it was necessary."

Under the circumstances of the present case it seems quite clear the plaintiff was not guilty of contributory negligence. At least it became a question for the jury to determine, and

there is sufficient evidence to support the finding in this regard which is favorable to the plaintiff.

The judgment is affirmed.