[Civ. No. 7240. Second Appellate District, Division Two.—November 14, 1932.]

ETHEL GREENING et al., Respondents, v. HARRY FORD et al., Appellants.

Harry D. Parker, White McGee, Jr., and Raymond G. Stanbury for Appellants.

Russell H. Pray for Respondents.

STEPHENS, J., *pro tem.*—This is an automobile collision case and was tried before a jury. It is here on appeal from an order of the trial court granting a new trial to plaintiffs. The facts relevant to the appeal are as follows: In presenting the case to the jury the following occurred: "Mr. Parker [attorney for defendants]: I tell you, ladies and gentlemen, if Mr. Ford is responsible for this accident he is guilty of a criminal act—of a crime. Mr. Pray [attorney for plaintiffs]: Just a moment, your honor, I assign that statement of counsel as misconduct and as not the law. Mr. Parker: I believe it is the law. The Court: I do not think that it is a true statement of the law. I will have to differ in opinion with you. In other words, a person might be responsible civilly in damages for negligence and yet his conduct might not be sufficiently wanton to amount to a crime, and I think you are in error in that statement, and the jury is instructed to disregard it"; whereupon counsel for defendants stated to the jury: "Ladies and gentlemen, do not take the law from me. All I ask is that you follow the law and the instructions given to you by this court." The arguments were finished without further event, the jury was instructed and the case submitted. The jury returned the following verdict: "We the jury in the above entitled action find for the defendant Not Guilty." Judgment was duly entered and subsequently plaintiffs moved for a new

trial on all of the grounds enumerated in section 657 of the Code of Civil Procedure, though not in the strict language thereof. After presentation of the motion the court made the following order: "Said motion is argued upon all the grounds set forth in said notice of intention and by the court granted upon the ground of prejudicial error."

The sole error claimed to have been committed during the trial consists of the passage in court as above related. We have carefully read and considered all of the authority submitted by appellants' able briefs. It is true appellants' attorney and the court did all in their power before the case was submitted to the jury to cure the effect of the misstatement to the jury. It is, however, elemental that while both criminal and civil proceedings may arise from the same acts, the conviction of a crime and the determination of tortious liability are based upon vastly different principles. In this proceeding we are faced with the bald fact that for some cause the jury brought in the very unusual and irregular verdict, "We the jury find for the defendant Not Guilty." It may be that the jurors remembered the criminal reference in spite of its withdrawal and the court's admonition, and that this affected their consideration of the evidence and the wording of the verdict. On the other hand, it may be that the jury was merely finding Mr. Ford not guilty of negligence, since we find the terms "guilty" and "not guilty" of negligence repeated six times in the instructions. But it is not for us to say. Of course, the doubt could have been removed by sending the jury back under a proper explanation, but this was not asked for nor was it done, and no point in regard thereto is presented to us.

As the motion was made to the judge who presided at the trial, he was in a better position than we are to judge the effect of the remark in question upon the jury. We cannot say that his observations, when taken in connection with the unusual wording of the verdict, may not have correctly convinced him that a fair trial was, in fact, not had by the plaintiffs. (*Merrals* v. *Southern Pac. Co.*, 182 Cal. 19 [186 Pac. 778].)

The order granting a new trial is affirmed.

Works, P. J., and Thompson (Ira. F.), J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1933.

Preston, J., dissented.