[Civ. No. 12360.   Second Appellate District, Division Two.—February 7, 1940.]

WILLIAM W. ROBERTSON, Appellant, v. ELEANOR BROWN et al., Defendants; C. RANSOM SAMUELSON, Respondent.

August J. O'Connor and George J. Hider for Appellant.

Joseph A. Ball and Frank C. Charvat for Respondent.

MOORE, P. J.—Plaintiff appeals from a judgment after verdict by a jury in favor of defendant Samuelson. The action was for damages on account of the alleged wilful misconduct on the part of the defendant. One night in May, 1935, plaintiff and one Ziebarth were guests of defendant Samuelson as he drove a Pierce Arrow Convertible Phaeton along Ocean Boulevard east of Long Beach. The three had played at cards and lingered over their cups until the approach of midnight when they agreed to make their nocturnal drive in quest of more substantial refreshments.

The contentions made on this appeal are: (1) That the verdict and judgment are contrary to the law and the evidence; (2) that the court erred in denying the motion for a new trial; (3) that defendant's counsel was guilty of prejudi-

cial misconduct; and (4) that prejudicial errors occurred in the instructions.

(1) Plaintiff contends that as the car rolled along the said highway at 60 miles per hour, he and Ziebarth both repeatedly admonished defendant to diminish his speed; that on the car's hitting a jog in the curb at 55th Place, while speeding at 50 miles per hour, the car catapulted 50 feet throwing both guests through the air and on to the earth; that the boulevard at the point of impact passes through a residential area in which the garages open on to said boulevard; that defendant was familiar with said boulevard in said vicinity and considered it dangerous because it was cut up with chuck holes and covered with sand; that the night was clear; visibility good and the pavement dry; that by means of his headlights, defendant could see the road 100 feet ahead and while his vision was unobstructed for 200 feet at said intersection, defendant, according to his own testimony, could have stopped the car within 75 feet if going at 50 miles per hour; that defendant was reckless and wanton in his speed and manner of driving and that said recklessness was the proximate cause of plaintiff's injuries. Upon the evidence thus summarized, plaintiff urges that defendant's acts constituted wilful misconduct and that the judgment should be reversed in spite of the verdict.

In view of the rule that implied findings of a jury will not be disturbed if supported by substantial evidence, we have taken notice of the proof presented on behalf of defendant and which presumptively controlled the jury in their deliberations. From the testimony of the defendant and other witnesses, the jury impliedly found that defendant did not fail to slow down at any request of either guest; that he slowed down to 35 miles per hour within the first one-quarter mile and again after going a mile and a half to Livingston Drive; that east of said drive, the boulevard is a one-way street divided by a right of way, the south half of which is used by east bound traffic only; that no streets intersect the south half; that between Livingston and 55th Place no cars preceded defendant; that west of 55th Place, it is a two-way drive for two or three blocks; that for one mile east of Livingston, there were no houses on the south side of Ocean Boulevard; no traffic could cross the highway; that the pavement was good; that from said Livingston Drive to 55th

Place the speed of defendant was from 45 to 50 miles per hour; that the road at 55th was in a defective condition and exceedingly dangerous to vehicular traffic, of which condition defendant was ignorant at the time; that no signs or lights or other signals of any kind appeared; that from 54th Place to 55th Place the boulevard is 37 feet wide; that it narrows to 20 feet at 55th Place; that for years the traffic had used the north 20 feet thereof; that before the accident the south 20 feet had been paved from 54th to 55th with white cement which attracted the traffic; that because of the fact that the boulevard narrowed at 55th Place to 20 feet, and said cement ends at said intersection, a sharp turn to the left was required; that no white lines had been painted upon the highway to direct the course of travel; that at the time of defendant's approaching said intersection, the wind-laid sand was flush with the sidewalk and the curb line so that it was not distinguishable by defendant; that nothing indicated the jog; that the sand confused defendant's vision; that defendant had his foot on the brakes as completely as he could and yet avoid tipping the car at the turn; that his only knowledge of the locus was based on his having lived in a house east of 55th Place ten years before the accident when conditions were not the same as those in 1935; that in 1925 there was no necessity to make the turn at 55th Place; that for five years before the accident, defendant had not driven along that stretch of the boulevard; that he did not know of the defective condition.

From the foregoing summary, it appears that the premise upon which plaintiff bases his claim of wilful misconduct of defendant is the speed at which defendant drove. Excessive speed alone, unattended by circumstances indicating an intention to injure, or a wanton disregard for the safety of the guest, is insufficient to constitute actionable wilful misconduct. The fact that a motorist in a Cord car raced at 73 miles per hour, in a fog, drove on the left side of the highway near a "slow" sign to pass another speeding car and then returned to the right-hand lane where his Cord collided with a Dodge standing across the highway did not constitute wilful misconduct and judgment for defendant notwithstanding the verdict should have been entered. (*McLeod* v. *Dutton*, 13 Cal. App. (2d) 545 [57 Pac. (2d) 189].) Where a driver proceeded at 60 miles per hour and the road was fifteen feet

wide and was bounded by soft shoulders and the guest remonstrated at the defendant's attempt to pass a car, defendand continued laughing at and ignorant of her perils, it did not appear that she knew or should have known that injury was probable. (*Hall* v. *Mazzei*, 14 Cal. App. (2d) 48 [57 Pac. (2d) 948].) A driver, 21 years of age, had been driving 6 years; he proceeded on a wet, slippery pavement at 35 miles per hour; his car, in good condition, did not skid until he turned to avoid an approaching car when it ran off the highway and got out of his control and overturned; he thought he could drive safely but did not believe "that any serious injury was probable". Although he was mistaken and although "he may have disregarded the possible consequences of his act, such disregard was due to carelessness rather than to wantonness and recklessness, and was undoubtedly based upon his belief that no injury was probable". (*Howard* v. *Howard*, 132 Cal. App. 124 [22 Pac. (2d) 279].) Another driver neglected to inspect his truck after notice of a defective rear end and, while descending a 6 per cent grade at 20 miles per hour, something suddenly gave way. The truck proceeded without motor compression. He lost control, became frantic, and the truck jumped the bank, overturned and the driver and his guest were both injured. It was held that no wilful misconduct was shown. (*Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [25 Pac. (2d) 988].)

It must be shown that "such acts were done under circumstances disclosing knowledge, express or implied, that an injury to a guest will be the probable result". (*McLeod* v. *Dutton, supra.*) The factors necessary to prove wilful misconduct are (1) that the driver intentionally did something in driving that he should not have done or (2) that he failed to do what he should have done, under the circumstances express or implied "that an injury to a guest will be a probable result". (*Hall* v. *Mazzei, supra; Turner* v. *Standard Oil Co., supra.*) For an act to be wilful misconduct, it must be an intentional act with a knowledge that serious injury is a probable result, or an intentional act with a wanton and reckless disregard of its possible result. (*Howard* v. *Howard, supra.*) "Such intent and knowledge of probable injury may not be inferred from the facts in every case showing an act or omission constituting negligence . . . " (*Meek* v. *Fowler*, 3 Cal. (2d) 420 at 426 [45 Pac. (2d) 194].) Where excessive speed

appears to be attributable to a lack of care and not to a disregard of the probable consequences, the driver is not guilty of wilful misconduct. (*Lennon* v. *Woodbury*, 3 Cal. App. (2d) 595 [40 Pac. (2d) 292].) ''The mere failure to perform a statutory duty is not alone wilful misconduct . . . To constitute wilful misconduct, there must be actual knowledge . . . of the peril to be apprehended from the failure to act to the end of averting injury.'' (*Wright* v. *Sellers*, 25 Cal. App. (2d) 603, 608 [78 Pac. (2d) 209].)

Therefore, the defendant, though negligent, could not be said to have intended probable injury to his guests. They were congenial friends, enjoying together the harmony of a convivial evening; traveling to a place where they proposed to extend its delights. With no houses to the south; no traffic to reckon with; with a dangerous jog in the curb concealed from view by aeolian deposits; with no lines to guide, no signs or markings to warn of the lurking dangers, the slightest neglect might have resulted in disaster. But while it was a situation that might have required extraordinary care to insure one's own safety, there was nothing to indicate that defendant knew that injury to his guest would probably result from his thus driving along said approach to said intersection. (*Turner* v. *Standard Oil, supra*.) Certainly, a jury's finding that he intended no such mischief or that he did not proceed wantonly is abundantly justified.

The authorities cited by plaintiff belong to that line of cases where the misconduct was proved by reason of the driver's knowledge of the highway and of the defective or dangerous condition which caused the collision. (*Coogan Productions* v. *Industrial Acc. Com.*, 21 Cal. App. (2d) 225 [68 Pac. (2d) 750]; *Fisher* v. *Zimmerman*, 23 Cal. App. (2d) 696 [73 Pac. (2d) 1243]; *Norton* v. *Puter*, 138 Cal. App. 253 [32 Pac. (2d) 172]; *Olson* v. *Gay*, 135 Cal. App. 726 [27 Pac. (2d) 922].) It is, therefore, clearly the law that where the trier of facts is convinced that the driver charged with wilful misconduct has transgressed in no particular except in travelling at a high rate of speed and is free from a wanton disregard of possible injury to his guest, he will not be held liable. His liability must arise out of such behavior as will indicate to the court that the defendant was utterly indifferent to injuries probably to result from conditions which were ignored

as he recklessly proceeded. Under this doctrine, the defendant is exonerated.

(2) Plaintiff introduced the deposition of said Ziebarth tending to prove defendant's wilful misconduct. Defendant, to impeach said witness, introduced a claim which Ziebarth had filed with the city of Long Beach in which Ziebarth is purported to have averred that defendant drove carefully on said occasion. In support of the motion for a new trial, said Ziebarth's affidavit was presented. In it he denied the statements contained in said claim so filed, and averred the reckless driving of defendant. Because this affidavit was not controverted, plaintiff contends the denial of his motion was error. But this is not such "newly discovered" evidence as warrants a new trial. The deposition of Ziebarth was read in evidence. He must have told then all he knew of the facts in his deposition when he was confronted by both counsel. His alleged claim was an *ex parte* act. To hold another trial to have Ziebarth repeat his story to a different jury is a proceeding wholly unwarranted by our practice. Moreover, it cannot be presumed now that the jury was influenced solely by Ziebarth's testimony or by its alleged impeachment by his said affidavit.

Neither would the end of justice be subserved by having defendant's purported remarks of friendliness to plaintiff related upon another trial. To justify a new trial on the ground of newly discovered evidence, such evidence, if locked within the secret consciousness of the adversary, must be shown to have been undiscoverable by reason of the perjury of such adversary, and that due diligence of the aggrieved party has otherwise been exercised. The trial court is the tribunal before whom a review of the record or a review of affidavits upon such a motion must be had. His decision is final except where it may appear that there has been an abuse of discretion.

(3) An inquiry by plaintiff's counsel to prove defendant's knowledge of the fact that the stretch near 55th Place was within a 25-mile zone was answered after objection and argument by defendant's counsel. The argument made was within legitimate limits.

Plaintiff's objection was sustained to defendant's inquiry whether red reflectors were placed at said corner after the accident. This did no injury to plaintiff. Defendant's

testimony as to his intentions with respect to hitting the curb and as to the probabilities of hitting the curb was proper under a charge of his *wilfully* injuring plaintiff. Plaintiff's objection was sustained to the inquiry of defendant whether he had investigated the number of accidents. The jury is presumed not to have considered questions as evidence. ██ Finally, plaintiff's complaint that he was prejudiced by certain arguments of defendant's counsel is without support. The specified arguments do not appear to have been inappropriate but, in any event, the trial court was not requested to correct their impressions. To gain advantage of misconduct of counsel the aggrieved party must have appealed at the time of the occurrence to the judge. (*People* v. *Babcock,* 160 Cal. 537 [117 Pac. 549] ; *Scott* v. *Times-Mirror Co.,* 181 Cal. 345 [184 Pac. 672, 12 A. L. R. 1007].) The authorities cited by plaintiff are cases in which the trial judge granted a new trial. (*Merralls* v. *Southern Pac. Co.,* 182 Cal. 19 [186 Pac. 778] ; *Greening* v. *Ford,* 127 Cal. App. 462 [16 Pac. (2d) 143] ; *Anderson* v. *United Stages, Inc.,* 192 Cal. 250 [219 Pac. 748].) Had the trial judge granted a new trial in this case, it is not likely that defendant would have appealed.

██ (4) Plaintiff sets forth some 15 instructions given at the request of defendant which, he says, are ''confusing, ambiguous and repetitious''. But practically all of them define *wilful misconduct* substantially as defined under subdivision (1) of this opinion and are in harmony with the instructions requested by plaintiff. For illustration, defendant's instruction No. 10 reads as follows: ''Wilful misconduct is not the same thing as gross negligence. Wilful misconduct involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences. The law has excluded in a case where a guest is suing a driver all forms of negligence as a basis for recovery. The law will only permit a recovery where a guest sues a driver where it appears that the thing done by the defendant amounts to misconduct as distinguished from negligence, and the law further states that this misconduct must be wilful. While the word 'wilful' implies an intent, the intention referred to relates to the misconduct and not merely to the fact that some act was intentionally done. . . . Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a probable (as distinguished

from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its possible result''.

This instruction is a correct exposition of the doctrine of wilful misconduct. That doctrine is substantially repeated in defendant's instructions 5, 6, 7, 8, 9, 12, 13, 18, 19 and 20. Such repetition we must condemn as an unwholesome practice but we cannot say that prejudicial error resulted. The facts of the controversy were fully developed and said doctrine was clearly defined by said instructions as well as by those requested by plaintiff. Instruction No. 16 is a fair admonition to consider defendant's ignorance of the condition of the highway. No. 14 is a proper instruction that excessive speed would ''not of itself'' justify a verdict against defendant. The above instructions are supported by the authorities first cited under (1) hereof. No. 15 is a meaningless utterance but harmless as to plaintiff. Defendant's instruction 11 is a correct statement of the law appertaining to the rights of a guest.

The judgment is affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1940.