[S. F. No. 7117.   Department One.—July 11, 1917.]

## D. W. COZAD, Respondent, v. RAISCH IMPROVEMENT COMPANY (a Corporation), Appellant.

NEGLIGENCE—INJURIES TO EMPLOYEE—CONTRIBUTORY NEGLIGENCE NOT SHOWN.—In an action for damages for injuries sustained by the foreman of a street-paving gang, it was not contributory negligence, as matter of law, on the part of the plaintiff, who was crushed by the fall of a heavy "skip" or "conveyer" used to carry crushed rock and cement to a mixing machine, that, in the performance of a duty of his employment, he passed under the "skip" while it was suspended in air, although there were three safe ways open to him, the evidence showing that the way he selected was the most practical and convenient, was frequently used by himself and other employees, and was not considered hazardous or dangerous.

ID.—UNPREJUDICIAL INSTRUCTION—INDEMNITY OF EMPLOYEE.—An instruction that "an employer must *in all cases* indemnify his employee for losses caused by the employer's want of care," while not strictly accurate in view of the rule of contributory negligence, was unprejudicial when read in connection with other instructions.

ID.—HAZARDOUS WORK—DUTY OF EMPLOYER.—By an instruction that "if the work is hazardous, it is the duty of the employer to adopt and enforce reasonable rules for the protection of his employees in the performance of their duties," the question whether the machinery was in fact dangerous is left solely for the determination of the jury; the instruction does not have the effect of charging the jury that the law imposes upon the employer the absolute duty of adopting and enforcing rules, and is not prejudicial.

ID.—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.—It was not error to instruct the jury that the burden of proving contributory negligence rested on the defendant; the exception to this rule applies only where the plaintiff's own testimony raises a clear presumption of contributory negligence.

ID.—DEFENSE CONDUCTED BY INDEMNITY COMPANY—UNPREJUDICIAL CONDUCT ON PART OF PLAINTIFF'S COUNSEL.—It was not prejudicial to the defendant that the jurors were apprised by plaintiff's counsel that the defense was being conducted by an indemnity company with which the defendant carried liability insurance, that fact having been brought out by questions asked in good faith of a juror known to be a friend of the agent of the indemnity company, for the purpose of disclosing his bias or prejudice, and by questions asked in like good faith of the defendant's secretary and another of defendant's witnesses.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

Guy Le Roy Stevick, Alfred C. Skaife, W. F. Cowan, L. A. Redman, and Jewel Alexander, for Appellant.

Rolfe L. Thompson, and R. A. Vitousek, for Respondent.

LAWLOR, J.—Action to recover damages for personal injuries. Defendant appeals from the judgment and from the order denying its motion for a new trial.

The plaintiff, D. W. Cozad, was at the time of the accident employed by the Raisch Improvement Company in paving a street in the city of Vallejo. He was foreman of a grading gang part of whose work consisted in the building of a curb line of concrete on the north side of the street. In connection with the work, a concrete mixing machine was used into which crushed rock and cement were conveyed by means of a "skip" or "conveyer" operated by a gasoline engine in such a way that when lowered it rested upon or at the base of a large pile of crushed rock, but when raised reached an elevation of about twelve feet, from whence the crushed rock and cement poured into the mixer. This skip weighed approximately one thousand pounds. From its open end, when it was down, the rock pile extended backward or eastward a distance of about forty feet. At the opposite end of the mixer the concrete was poured through a spout into wheelbarrows brought up by the laborers who carried it to the wooden forms for the curbing. To expedite the work, Cozad stationed a Greek laborer at the curb line just opposite the mixer, whose task it was to assist the men in pouring out the concrete from the wheelbarrows into the forms set in place for the curbing. A few minutes later, while on the other side of the mixer, Cozad noticed that the Greek was neglecting his duties, thereby delaying the work of the other men and jeopardizing the curb forms. As it was not practicable for Cozad's voice to be heard because of the noise of the revolving mixer, he hastened to reach him. The skip had just been raised to the top and was at the time held suspended in that position. Beneath it, between the mixer and the rock pile, was a clear passage

straight to the place where the Greek stood. Although
Cozad could have chosen a way around the rear of the mixer
among the men going and coming with their wheelbarrows,
climb over the pile of loose rock or walk some eighty feet
around the eastern end of it, he started to "skin" or "skip"
through, as he testified, before the skip began its descent.
But as he passed under it, the skip suddenly descended and
crushed him, causing the injuries complained of.

Appellant, in making its motion for a nonsuit, and in its
appeal from the order denying the motion, contends that in
neglecting to take any of the three safe routes open to him,
and in selecting the dangerous route, the plaintiff was obvi-
ously negligent, and therefore barred from recovery. Re-
liance is placed in support of the contention upon *Douglas*
v. *Southern Pacific Co.*, 151 Cal. 242, [90 Pac. 538], but in
that case the employee voluntarily chose a way inherently
perilous, where no occasion existed for him not to use the
safe and usual way. Here there was evidence that the way
selected was frequently used by plaintiff, as well as by the
other employees. In the emergency presented it was the
most practical and convenient way open to him. Moreover,
it was not considered a dangerous or hazardous way; the rea-
son assigned being that ordinarily the skip was controlled by
a brake and clutch, operated by the engineer in charge of
the mixing machine, so that in its descent it was customarily
stopped at an elevation of some six or seven feet and then
lowered slowly to the ground as a protection to the workmen
around the rock pile, and also to prevent racking and
wrenching the machinery by precipitating the skip to the
ground. Several of the workmen testified that they had
come to rely upon this practice as a signal for them to get
out of the way. Although this testimony was contradicted,
the jury was entitled to find that ordinarily the way was
safe. It ultimately proved dangerous because at the time of
the accident either the brake slipped on account of water and
grease having seeped under the brake bands, or because the
engineer in charge permitted the skip to drop without the
usual precaution. In this connection it is significant that as
the skip fell the engineer was heard to exclaim with an oath:
"I lost control of it." It is true that there was evidence
tending to show that the brake frequently slipped, but it was
not shown that this knowledge was ever imparted to plaintiff,

or that he had reason to apprehend danger. Although the way chosen by him was more hazardous than any of the others, in our opinion it was not one which, under all the circumstances, it can be said as matter of law that a reasonable and prudent man would not have been warranted in adopting. The question was therefore properly left to the jury.

Plaintiff's right to recover compensation for his injuries is governed by the provisions of the Roseberry Act. (Stats. 1911, p. 796.) Under that act contributory negligence does not completely bar a recovery where the contributory negligence of the injured employee "was slight and that of the employer was gross, in comparison." The showing made that the skip ordinarily was lowered gradually; that workmen frequently passed under it while it was elevated; and that it fell upon plaintiff, either because of the negligence of the engineer in charge or because the brake and clutch were defective, are facts upon which the jury was entitled to base a conclusion that the defendant was guilty of gross negligence in comparison with which plaintiff's contributory negligence, if any, was slight. From a study of all the instructions given in reference to the doctrine of comparative negligence as declared by the statute, we conclude that the court stated the rule with sufficient clearness, and that the jury could not have been misled.

We find no substantial merit in the objection to the instruction that "an employer must *in all cases* indemnify his employee for losses caused by the employer's want of ordinary care." Although the italicized phrase is not strictly accurate in view of the law of contributory negligence, the instruction nevertheless does not constitute prejudicial error when read in connection with the others touching upon the subject.

The jury was instructed that "if the work is dangerous or hazardous, it is the duty of the employer to adopt and enforce reasonable rules for the protection of his employees in the performance of their duties." A second instruction is to the same effect. But neither instruction has the effect of charging the jury, as is contended, that the law imposes upon defendant the absolute duty of adopting and enforcing such rules. Conceding that such a duty may be cast upon defendant in the event that the employees be required to work around dangerous machinery, the question whether the ma-

chinery was dangerous was left solely for the determination of the jury. There was testimony tending to establish the proposition that defendant probably had in fact adopted such a rule (the one referred to of stopping the skip part way in its descent), and that it was the violation of this rule which caused the injuries to plaintiff and not the failure to adopt one. Every engineer employed on the mixer, who was a witness in the case, testified that he observed the practice of checking the skip in its descent. The existence of such a custom was directly in issue. The verdict being in favor of the plaintiff, we are not prepared to hold that the jury did not find that such a practice had been followed, that it constituted a reasonable practice, and was relied upon by plaintiff, in consequence of which he suffered injury.

That the jury, under the instructions given, plainly understood that defendant was not an insurer of its employees against injuries received in its employ, under the law as it then stood, and was only required to furnish a reasonably safe place in which they should perform their work, is also perfectly clear.

The appellant cites the case of *Duffy* v. *Hobbs, Wall & Co.*, 166 Cal. 215, [L. R. A. 1916F, 806, 135 Pac. 1093], and claims that the court below disregarded the rule there laid down. But counsel for appellant has quoted in his brief a part only of a quotation made in that opinion from *Sible* v. *Wells Brothers Co.*, 148 Ill. App. 109, the part which was not there applicable, and he omits the part which did apply to the question. The point decided in that case is that where a workman is himself delegated by the employer to see that a machine is in good repair, or that the place of work is made safe, he cannot recover of the employer for injuries caused by defects or dangers arising from his own neglect of that duty. The injury to the plaintiff in the present case was not so caused, and *Duffy* v. *Hobbs, Wall & Co.* has no application.

While the isolated portion of the instruction cited by appellant regarding the damages the jury might assess in the way of compensation is open to the objection that it tends to convey the impression that the jury might give play to emotions of sympathy, we find upon examining the remaining portion of the instruction, and others that were given, some at the appellant's own request, that the jury was fully and accurately informed as to the rule of law governing damages as expressed in section 3333 of the Civil Code.

There is no force to the contention that the court erred in instructing the jury that the burden of proving contributory negligence rested upon the defendant. The exception to this general rule applies only where the plaintiff's own evidence raises a clear presumption of contributory negligence. (*McGraw* v. *Friend etc. Lumber Co.*, 120 Cal. 574, [52 Pac. 1004].) Such is not the case here.

It appears that the defendant carried liability insurance and that the insurance company through its counsel actually conducted the defense. Appellant complains that plaintiff and his attorney took occasion to apprise the jury of this fact solely for the purpose of prejudicing the defendant. In each of the three instances complained of an examination of the record discloses that the questions asked by the counsel, and the answers given, were competent and relevant for the respective purposes, first of eliciting information as to whether a juror known to be a friend of the agent of the indemnity company was free from bias or prejudice; second, to lay a foundation for the impeachment of defendant's secretary by showing that he had not only made previous statements inconsistent with his testimony, but admitted to plaintiff the defendant's liability and stated his intention to make "a report to the indemnity company"; and, lastly, to expose the personal interest of one of defendant's witnesses. So far as appears, the questions were asked in good faith. (*Viou* v. *Brooks-Scanlon Lumber Co.*, 99 Minn. 97, [9 Ann. Cas. 318, 108 N. W. 891]; *Rinklin* v. *Acker*, 125 App. Div. 244, [109 N. Y. Supp. 125].) Indeed, a scrutiny of the entire record fails to reveal any evidence calculated to inform the jury that the case was actually being defended by the indemnity company, or that judgment, if rendered against the defendant, would be paid by the former. We know of no rule of law which would require a reversal for referring to the real party defendant of an action under such circumstances, while the propriety of eliciting information touching a juror's or witness' personal interest in favor of such interested indemnity company is, where the right is exercised within the sound discretion of the court, not to be questioned on appeal.

Judgment affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.