[Civ. No. 4829.   Third Appellate District.—August 7, 1933.]

A. M. PATTEE et al., Respondents, v. GEO. KING et al., Appellants.

Ray W. Hays for Appellants.

Laurence B. Myers, Ralph E. Norton and Conley, Conley & Conley for Respondents.

THOMPSON, J.—The defendants have appealed from a judgment of $1760 which was rendered against them for damages to a truck which occurred as a result of an automobile collision.

Shortly before midnight on July 7, 1931, the defendant Horn was engaged in driving a Moreland truck and trailer belonging to the defendant King northerly along the state highway at a point about four miles from Madera. Seated by his side was a coemployee by the name of Nevins. They were conveying a load of melons to the city of Oakland. The paved portion of the highway at that point is twenty feet wide. There is an eight-foot solid oiled shoulder on each side of the concrete highway at that place. Beyond the shoulder there is a gradual slope of solid land without the presence of a ditch. The defendant Horn had frequently driven a truck along this highway and was familiar with the condition of that roadway. He was driving at the rate of twenty-five miles an hour. Suddenly trouble developed with his carburetor or ignition system and the engine ceased to operate. Without applying the brakes, Horn guided his machine toward the outer edge of the concrete and the truck

finally stopped with the inside wheels within two or three feet from the central white line of the concrete. Here the truck and trailer remained parked for three or four minutes until the collision occurred. Horn testified in that regard: "Q. How much time passed by from the time you came to a stop until the collision? A. Oh, I should say, three or four minutes."

Following the defendants' truck at some considerable distance were two other trucks belonging to the plaintiffs. They were traveling in the same direction. There was no other traffic on the highway at that time and place. The first one of plaintiffs' trucks was driven by an employee by the name of Earl Pattee. The second truck was driven by another employee by the name of Wipf. Both of these trucks were traveling on their proper side of the highway at a rate of twenty-five to twenty-eight miles an hour. The pavement was dry and the night was clear. When Pattee reached the parked truck he passed it by turning onto his left-hand side of the concrete. He said in that regard: "I had to swing out in order to miss him. I came pretty near hitting him myself." Pattee drove on without stopping. The undisputed evidence is that the plaintiffs' second truck was following the first one at a distance of from four to six city blocks, and at the rate of twenty-five miles an hour. Wipf failed to see the defendants' parked truck in time to avoid hitting it. The drivers of both of plaintiffs' trucks testified there were no tail or clearance lights on the parked trailer. The truck which was driven by Wipf ran into the rear end of the defendants' trailer. The plaintiffs' machine was damaged.

Suit for damages to the truck was commenced by the plaintiffs. It was asserted the defendants were guilty of negligence in parking their truck on the paved portion of the highway in violation of section 136 of the California Vehicle Act, and in failing to keep the tail and clearance lamps on their trailer lighted. In their answer the defendants refuted the plaintiffs' allegations of negligence and affirmatively charged "that the carelessness and negligence of the plaintiffs and their agent and employee contributed directly and proximately to the collision". Upon appeal it is claimed the evidence fails to support the finding that the defendants were guilty of negligence and, upon the contrary, that

Pattee, the driver of plaintiffs' first truck was guilty of contributory negligence in failing to stop his machine and warn Wipf of the danger of defendants' parked truck, and that this negligence is imputed to the plaintiffs so as to defeat their claim for damages.

The cause was tried without a jury. The court adopted findings to the effect that defendants were guilty of negligence which proximately caused the damages, and that plaintiffs were not guilty of contributory negligence. Judgment was thereupon rendered in favor of plaintiffs for actual damages sustained by their truck and for loss of the use thereof during a period of twenty-five days while it was undergoing repairs. From this judgment the defendants have appealed.

There is ample evidence to support the finding that defendants were guilty of negligence in parking their truck on the paved portion of the highway in violation of section 136 of the California Vehicle Act, and permitting it to remain in that position for several minutes without ascertaining whether or not the tail and clearance lights on the trailer were burning when the driver knew they were flickering and likely to be extinguished. Mr. Wipf testified regarding the collision:

"I did not see him in time to miss him. I turned to my left and applied my brakes at the same time, but I was too close to him when I saw him. There were no lights on the back end of his trailer, or no clearance lights; there was a dim light in front, I noticed afterwards, so I got out of the truck and took my shoe off my foot, my foot was hurt, and I did not know at that time that I had quite a severe cut on my wrist, and when I was out on the highway, Mr. Horn came back and asked me if his lights were on, and I told him that they were not, and he said that he knew that he had had trouble with them, that they had been flickering, but he did not know they were clear out."

The defendant Horn admitted sitting in his machine three or four minutes after it stopped on the highway before the collision occurred. He made no effort to ascertain the condition of his rear lights. Moreover, there was ample momentum of his truck and sufficient opportunity to guide the machine off the concrete portion of the highway after the driver discovered the trouble with his engine and knew that the machine was likely to stop running. He was traveling

twenty-five miles an hour when the engine trouble occurred. It was a question of fact for the court to determine whether the driver of defendants' truck knew he had defective rear lights, and whether it was practicable for him to park the truck off the paved portion of the highway. Since the court's conclusions with relation to these questions of fact are supported by substantial evidence, its findings may not be disturbed by this court on appeal.

There is also sufficient evidence to support the court's finding that the plaintiffs were not guilty of contributory negligence for failure on the part of the driver of their foremost truck to stop and warn the driver of the second truck of the danger from the defendants' parked machine. Assuming, without so deciding, that under certain circumstances the failure of one employee to warn another employee who is engaged in driving a separate machine, of threatened danger, would be imputed to the master and constitute negligence so as to defeat his claim for damages, still, under the circumstances of this case it became a question of fact for the court to determine whether the driver of the first truck as a reasonable person would anticipate serious danger and be required to stop his machine to convey his fear to the driver of the truck which was following, and, if so, whether he believed that he had time to stop and warn him. Even though Pattee did narrowly escape a collision with the parked trailer, it may not be said as a matter of law, that he should necessarily assume the driver of the following truck would also fail to see the parked vehicle in time to avoid a collision. Moreover, the undisputed evidence is that Wipf's truck was following plaintiffs' first car at a distance of from four to six city blocks, which would be from 1200 to 1800 feet distant and that it was traveling twenty-five miles an hour. It follows that the intervening space to the point of the parked truck would be traversed in from one-half to three-quarters of a minute. When Pattee first discovered the parked truck his machine was traveling twenty-five miles an hour. It would have been physically impossible for him to stop his truck, park it on the side of the highway and return to the defendants' truck in time to warn Wipf of the danger. We must assume Pattee knew that it was impossible for him to stop his machine so as to warn Wipf in time to avoid the collision even though he anticipated it might occur. Under

the circumstances of this case it may, therefore, not be held, as a matter of law, that the plaintiffs were guilty of contributory negligence. Contributory negligence of the plaintiffs became a question of fact to be determined by the court. With its conclusion in that regard this court may not interfere, since there is substantial evidence to support the finding favorable to plaintiffs. (19 Cal. Jur. 735, sec. 141; *Elsey* v. *Domecq*, 114 Cal. App. 42 [299 Pac. 794].)

The evidence is adequate to support the amount of damages which the court found was suffered by plaintiffs.

The court found that the truck was damaged in the sum of $1135. This amount is not seriously disputed. The court further found damages for loss of the use of the machine for a period of twenty-five days at a rate of $25 a day. This is supported by the evidence. The bill for repairs, which was introduced in evidence contains an item charging for 265 hours of labor. Allowing eight working hours per day, this indicates that the machine was actually undergoing repairs in the hands of the mechanic for thirty-three days. The plaintiff W. M. Pattee testified that he figured the reasonable rental value of a truck to be "at least twenty-five dollars" a day. This evidence adequately supports the allowance of $625 for loss of use of the machine.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 6, 1933.