[S. F. No. 10911. In Bank.—November 5, 1924.]

## STEFANO PUPPO et al., Respondents, v. VITO LAROSA, etc., Appellant.

[1] COSTS—NECESSITY AND PROPRIETY OF—DISCRETION—APPEAL.—The determination of questions presented on a motion to tax costs that the items of cost do not appear on their face to be necessary or proper rests in the discretion of the trial court, and when there

---

1.  See 7 Cal. Jur. 264.

is nothing in the record on appeal showing that the trial court did not properly exercise its discretion, its ruling will not be interfered with on appeal.

[2] Id.—Reasons for Expenditures—Amended Cost Bill—Evidence.—Where claimants for costs, before a complete hearing was had on their original cost bill, filed with permission of the court an amended memorandum of costs, which was in all respects the same as the first memorandum, except that it specified in more detail the nature of and reasons for certain expenditures in order to meet the objections of the defendant, it was wholly immaterial whether the information was given in the form of an amplified or amended bill or in support of the bill as originally filed, and the additional facts stated met the burden which rested on the claimants to show that the charges were proper and necessary.

[3] Id.—Amendments to Cost Bill—Discretion.—Where a party to the action has moved a taxation of the other's costs, the trial court has the right to allow such amendments to a cost bill as appear just and necessary.

APPEAL from orders of the Superior Court of Santa Clara County denying motion to strike from files an amended memorandum of costs and denying motion to tax costs. P. F. Gosbey, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Albert Picard for Appellant.

R. V. Bressani and D. T. Jenkins for Respondents.

WASTE, J.—This appeal relates to matters arising out of the attachment referred to in the opinion of the court in *Puppo* v. *Larosa, ante,* p. 717 [230 Pac. 439]. It is an appeal by defendant from an order denying his motion to strike from the files an amended memorandum of costs and disbursements, and also from an order denying his motion to tax costs.

The original cost bill as filed by plaintiffs contained items in the aggregate amount of $562.85. The defendant filed notice that he was dissatisfied, and excepted to all the items in the bill, and that he would, on a day stated, move to have the costs taxed by the court on the grounds that the items were improper, not legal, unreasonable and excessive.

On the day fixed in the notice the matter was continued to a later date, on which day, the record discloses, it was ".partially heard and thereafter continued." Before the next hearing the plaintiffs were permitted to file what was called an amended memorandum of costs, which was in all respects the same as the first memorandum, except that it specified in more detail the nature of and reasons for certain expenditures. These related to money advanced for picking and watching the grapes belonging to the defendant and attached in the action and sold as perishable property, the sheriff having requested plaintiffs to provide the pickers and watchers and to pay the costs thereof. The defendant again excepted to the cost bill in full and gave notice that he would, on the day to which the previous hearing had been continued, move to have the costs taxed by the court upon the same grounds as stated in his previous motion. Coupled therewith was the statement that the motion was made without admitting the right of plaintiffs to file an amended bill of costs. With the motion to tax, defendant filed a notice of motion to strike the amended memorandum of costs and disbursements from the files.

On the day fixed by the notices and by the previous continuance, the defendant and his attorney were both absent. No explanation for their absence was given at the time or has been offered here. The matter was thereupon submitted to the court and the order made denying both motions.

[1] The only points made by the appellant are that the items of cost do not appear on their face to be necessary or proper, and that they are excessive in amount. The determination of the questions thus presented rested with the trial court. Appellant cites *Miller* v. *Highland Ditch Co.*, 91 Cal. 103 [27 Pac. 536], to the effect that where the charges do not appear proper and necessary the burden is on the claimant to sustain them. But that case, and *Barnhart* v. *Kron*, 88 Cal. 447 [26 Pac. 210], cited by the court, are also authority for the declaration that the allowance or disallowance of costs and disbursements must be left in nearly every instance to the discretion of the judge before whom the case was tried. When there is nothing in the record showing that the trial court did not properly exercise its discretion this court will not interfere.

[2]  In this case the amount of the costs claimed was not varied or changed by the amendment. The same proof would have been admissible under the amended cost bill as in support of the original, which apparently did not contain sufficient information to show why such a large expenditure was incurred. The trial court was in position to ascertain and to know the reason. Consequently it seems wholly immaterial whether the information was given in the form of an amplified or amended bill or in support of the bill as originally filed. It satisfied the objection which the defendant interposed to the bill as first presented and which he might have pressed had he been present at the hearing of his motion. The additional facts stated met the burden which rested on the plaintiffs (*Miller* v. *Highland Ditch Co., supra*) to show that the charges were proper and necessary.

[3]  The right of the trial court, where a party to the action has moved a taxation of the other's costs, to allow such amendments to a cost bill as appear just and necessary, has always been recognized in this state. (*Burnham* v. *Hays*, 3 Cal. 115, 118 [58 Am. Dec. 389]; Practice Act, sec. 68; Code Civ. Proc., sec. 473.

We deem it unnecessary to discuss the contention of the respondents that the appellant waived any objection that he may have had to filing of the amended cost bill and abandoned his original motion to tax costs by his unexplained failure to appear at the time set. No abuse of discretion appearing from the action of the trial court the orders are, and each is, affirmed.

Shenk, J., Seawell, J., Lawlor, J., Lennon, J., and Myers, C. J., concurred.