[Crim. No. 3015. In Bank.—January 13, 1928.]

THE PEOPLE, etc., Respondent, v. ODD CORNELL, Appellant.

Paul Garber, J. O. Reaves and F. E. Hoar for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, H. Ray Bailey, District Attorney of Kern County, and Joe W. Matherly, Assistant District Attorney of Kern County, for Respondent.

RICHARDS, J.—The defendant herein appeals to this court from a judgment imposed upon his conviction of the crime of murder in the first degree by a jury without recommendation, and from an order denying him a new trial. The double murder of which the defendant was thus convicted was committed in the city of Bakersfield on the evening of October 17, 1926, his wife and stepdaughter being the victims of his atrocious and premeditated crime.

The defendant, who at the same time made an ineffectual attempt to end his own life, was apprehended upon the scene of his crime and has at no time denied his part in the commission of the double homicide except possibly by his plea of not guilty, the only defense, however, offered in his behalf upon the trial being the defense of insanity, the chief points urged upon this appeal having relation to that defense. The first contention which the defendant urges upon this appeal is that the trial court committed prejudicial error in relation to the appointment by it of a certain medical expert upon the issue of the defendant's alleged insanity which had been raised on the defendant's behalf during the course of the trial. Such appointment was made under the provisions of section 1871 of the Code of Civil Procedure as amended in 1925 [Stats. 1925, p. 305]. The defendant does not question the power of the court to make such appointment under the terms of such provisions, but relies upon certain irregularities alleged to have occurred in the course of making the same. At the time of its selection of the medical expert so chosen the trial judge made some comment in the presence of the jury with relation to the experience, ability, and impartiality of said expert and to the fact that he had been theretofore acting as an expert alienist in the superior courts of Los Angeles. The defendant, while objecting through his counsel to the appointment of said expert by the court, placed such objection upon the ground that the defendant had secured the services of his own experts and hence was not in need of said or any appointive alienist, but he neither then nor since offered any objection to the character, qualifications, or impartiality of the chosen expert. ▮ It would thus seem that no prejudicial injury was suffered by the defendant either through the making of such appointment by the court or by its remarks touching the qualities of the proposed appointee. The appellant cites no authority and offers no sufficient reason why the action of the court in the matter of the appointment of an official expert under the provisions of the foregoing section of the code should be had without the presence of the jury. Like every other step in the trial of a criminal cause, it is a proceeding which should be held in open court and in the defendant's presence and with respect to which the jury should be informed

in order to determine what merit there might be in the defendant's objections, if any, to the character, ability or impartiality of the alienist thus officially to be chosen and to act, and what weight was to be given to his expert observations or opinions.

The appellant's next specification of error relates to the alleged erroneous ruling of the trial court in permitting certain witnesses to testify that the actions and demeanor of the defendant while in court and in the presence and observation of the jury differed from the actions and demeanor of the defendant upon other occasions when out of court. The purpose of this offered evidence was evidently that of showing that the action and demeanor of the defendant while in court and in the presence of the jury were simulated in aid of his defense of insanity. The appellant bases this contention upon the proposition that since the defendant in a criminal trial cannot be compelled to be a witness against himself, his actions and conduct in court and during his trial cannot be made the subject of comparison with his actions and conduct elsewhere without violating the rule which affords to all defendants this protection. The appellant presents no authority in support of such a proposition, nor do we think any such could be found or could in reason exist. The law which requires the presence of a defendant in court during his trial of necessity submits him to the observation and scrutiny of the court and jury. In being thus submitted to inspection and to whatever impressions or deductions the court or jury may draw therefrom, the defendant does not occupy the position or come within the definition of a witness either for or against himself; since to place him in that category would be to place a limitation upon his constitutional right to be there. In the case of *People* v. *Goldenson,* 76 Cal. 328, 347 [19 Pac. 161, 170], it was held that the action of the court in ordering a defendant to stand up for identification by a witness was not a violation of the constitutional provision that no person shall be compelled to be a witness against himself, this court aptly observing that the defendant was not thereby "compelled to exhibit any part of his person which the jurors could not see as he walked in and out every day." If a defendant being thus brought as of right into the presence of the court and

jury so conducts himself as to be suspected of simulation, we can perceive no reason why those who may have observed his actions and conduct elsewhere may not be heard to describe his normal appearance and actions for the purpose of exposing his deception. In this same connection and upon the like ground the appellant insists that prejudicial error was committed by the comments which the district attorney in his closing argument was permitted to make upon the conduct and demeanor of the defendant in the courtroom as evincing simulation and as contrasted with his actions and demeanor outside of court. In support of this contention the appellant relies upon the case of *People* v. *Peete*, 54 Cal. App. 333, 370 [202 Pac. 51], wherein a certain comment of a district attorney upon the defendant's conduct was held improper and prejudicial. In that case, however, the observation of the district attorney was based upon a supposition which had no evidence to support it, viz., that an innocent woman in the ordeal to which the defendant was being subjected during the trial would have given way to tears. In the instant case the inferences which the prosecution sought to present to the jury were strictly within the scope of the evidence which had been introduced before it relating to the defendant's actions and demeanor in and away from the presence of the jury. In so arguing the district attorney was clearly within his line of duty.

The appellant's next contention is that the trial court was in error in permitting a witness before it to refresh his memory as to a conversation had by him with the defendant shortly after the latter's arrest, by referring to the transcript of the testimony taken at the preliminary examination. The appellant insists that such transcript could not be availed of by said witness as a memorandum by which to refresh his memory for the reason that such memorandum was not made by himself or under his direction as required by section 2047 of the Code of Civil Procedure. The appellant cites a number of cases which, without attempting to review them in detail, would seem to be clearly distinguishable from the case at bar. In the instant case the statements of the defendant with respect to which the witness wished to refresh his memory were made not in court or before the magistrate, but were made

prior to the preliminary examination and in the presence of the official reporter. The witness being a deputy district attorney, the memorandum of such conversation then taken down by the court reporter comes fairly within the definition of a memorandum made under the witness' direction and hence available to him as a means of refreshing his recollection under the very provisions of section 2047 of the Code of Civil Procedure upon which the appellant relies. The fact that the same statement was read into the record at the preliminary examination by the same reporter does not militate against its availability by the witness upon the trial of the action. It is not contended that the reporter's transcript was not correct as to the details of the original conversation. If, however, technically an error was committed in this regard we are of the opinion that it would not be prejudicial in view of the fact that as disclosed by the record herein a number of other statements of the defendant in substance identical with that to which this particular witness was called to testify were offered and admitted in evidence without objection.

The appellant's final contention is that the trial court committed error in the giving or refusing to give certain enumerated instructions to the jury. We have examined the several instructions which were given and of the giving of which the defendant complains, and we fail to find either that they are properly subject to the defendant's criticisms or that the cases which he cites sustain his objections thereto. As to the instructions which he offered and the court refused to give, we find that the appellant in his closing brief concedes that as to the instruction upon which he most strongly relied as predicating error in its refusal, the trial court in such refusal to give the same committed no error. The other of the defendant's offered instructions which the trial court failed to give are, we find, sufficiently covered by the general body of instructions which had been already given.

The judgment and order are affirmed.

Seawell, J., Shenk, J., Waste, C. J., Curtis, J., Preston, J., and Langdon, J., concurred.