[Sac. No. 4179. In Bank.—February 21, 1929.]

In the Matter of the Estate of HARRY A. HASTINGS, Deceased. LUCRETIA LOWHONE, Appellant; THE STATE OF CALIFORNIA, Respondent.

Robert W. Jennings, W. Le Roy Broun and C. H. Sooy for Appellant.

U. S. Webb, Attorney-General, and Thomas H. Christiansen for Respondent.

LANGDON, J.—This is an appeal from a judgment of the superior court in and for the county of Sacramento denying appellant's petition for the recovery of money distributed to the state of California in the matter of the estate of Harry A. Hastings, deceased. In a trial extending over many days appellant sought to establish her heirship as a cousin of the deceased, who had died in San Francisco, California, in 1918, intestate and unmarried. The estate was administered by the public administrator and as no one appeared as heir at law or next of kin the proceeds were distributed to the state of California.

The record is voluminous and we shall not discuss it at great length. Petitioner's case falls, logically, into two parts: First, her proof of the existence of and her relationship to a boy named Harry Hastings whom she last saw about thirty years ago in Illinois. Conceding that this portion of the case is established without conflict, it is unavailing without the establishment of the controlling fact that this boy and the decedent are one and the same person. Upon that latter point, while there are some circumstances lending color to petitioner's claim, the documents, pictures, etc., which were relied upon by her to establish the connection between herself and decedent developed into the storm center of the case. The record contains many hundreds of pages regarding their authenticity and the trial court, sitting as a jury, has found against their genuineness and against the claim of petitioner that she was an heir of deceased. That finding is binding upon this court for there is evidence in the record to support it.

The appellant also contends that section 1871 of the Code of Civil Procedure (as added by Stats. 1925, p. 305), providing for the calling, by the court, of expert witnesses, is unconstitutional. This point is raised because the trial court called a disinterested witness to give his expert opinion upon certain questioned documents offered in the

case. The power of the court to appoint an alienist in a homicide case, under this section of the Code of Civil Procedure, was approved by this court in *People* v. *Cornell*, 203 Cal. 144 [263 Pac. 216]. Furthermore, in the instant case, no objection was interposed either as to the court's right to appoint or that the witness appointed was not qualified, and all objections to such action of the trial court were waived, therefore. While it is contended that such waiver does not occur in the instant case because the petitioner is an incompetent, appearing by guardian, we think such contention is without merit. In the case of *Newport* v. *Hatton*, 195 Cal. 132 [231 Pac. 987], the court said: "An infant is ordinarily bound by acts done in good faith by his guardian *ad litem* or counsel in the course of his suit to the same extent as a person of full age."

To the same effect is the case of *Thompson* v. *Maxwell Land Grant, etc.*, 168 U. S. 451 [42 L. Ed. 539, 18 Sup. Ct. Rep. 121, see, also, Rose's U. S. Notes].

There are no other matters requiring consideration and the judgment is affirmed.

Curtis, J., Preston, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.