[Civ. No. 8017. First Appellate District, Division One.—January 14, 1933.]

FRANK McNALLY, Plaintiff and Respondent, v. LUCILLE CASNER et al., Appellants; TONY SILVA, Cross-Defendant and Respondent.

DONALD C. BROOKS, as Administrator, etc., Respondent, v. JULES HARRIS et al., Appellants.

O'Connor, Fitzgerald & Moran and J. E. McCurdy for Appellants.

Kirkbride, Wilson & Brooks and Theodore J. Savage for Respondents.

STROTHER, J., *pro tem.*—These actions are for damages for injuries received in an automobile collision. Tony

Silva, cross-defendant and cross-complainant in one of the actions, was driving plaintiff's car north on the state highway through San Mateo. Plaintiff was sitting by Silva, and Silva's wife, Nora, was sitting in the rear seat. Defendant, cross-complainant and cross-defendant Harris was driving defendant, cross-complainant and cross-defendant Lucille Casner's car south on the highway. The cars collided at or near the intersection of Sixteenth Avenue in the city of San Mateo with the highway, at 2 o'clock in the morning.

The plaintiff NcNally brought the action against Lucille Casner and J. Harris, charging them with negligence causing the collision and consequent injuries to plaintiff. The defendants Casner and Harris filed separate answers, and, by leave of court, cross-complaints against Tony Silva, to which he answered and thereafter, by leave of court, amended his answers, and filed a cross-complaint against defendants Casner and Harris, to which they answered.

Nora, wife of Tony Silva, was killed in the collision, and thereafter Donald C. Brooks was appointed, and qualified, as administrator of her estate, and instituted an action against Lucille Casner and J. Harris, on behalf of her heirs —her husband and minor child—to recover damages for the death of Nora Silva. Issue was joined in this action, and the two actions were consolidated for trial.

Upon the submission of the case the jury brought in a verdict in favor of plaintiff, assessing his damage at $5,000; brought in a verdict in favor of cross-complainant Tony Silva, and assessed his damages at $3,000; and brought in a verdict in favor of Brooks, as administrator, for $10,000. Judgments were entered in accordance with these verdicts, in favor of the respective parties, against defendants and cross-defendants Casner and Harris, from which they have appealed.

The errors in law assigned by appellants are: (1) incorrect rulings on the admissibility of testimony; (2) prejudicial comment by the judge on testimony; (3) erroneous instructions to the jury.

The first specification of error relating to the evidence is that the attorney for plaintiff was permitted to cross-examine the witnesses for Tony Silva who was not a party to the complaint. Appellants made no objection to

this cross-examination, and it is not made to appear that their interests were in any way prejudiced by it. ■ The second specification is alleged error in permitting counsel for Silva to ask leading and suggestive questions of his witnesses. The permitting of such questions is always within the sound discretion of the court, and here, as in the precedent instance, the court was given no occasion to rule, as counsel for appellants made no objection to any of the questions. ■ The same is true as to the next specification; that the court permitted testimony as to the financial condition of the plaintiff. The plaintiff left the hospital about two weeks after the accident and testified, without objection, that he was not well at that time, and left because he had no more money and had to look after his children, and did not go back to his work until a month and a half later. This evidence was competent, as bearing upon the question of the seriousness of plaintiff's injuries, and, even if it had been objectionable, the court was given no opportunity to rule upon its admissibility. Again, plaintiff's counsel elicited from him by a series of questions, that his wife was insane, and had been for four years, and still was, in the Agnew Hospital. To these questions appellants' counsel did not object, but the court intervened and stated that that was not a proper matter for the jury to consider, whereupon appellants' counsel asked the court to strike it out, which was done, and the jury admonished to disregard it.

■ It is, of course, the duty of the trial judge to exercise reasonable care to see that evidence which is not only immaterial, but may be prejudicial to the rights of a litigant, does not get before the jury. But it is equally the duty of counsel by timely objection to call the court's attention to the evident impropriety of the questions. When, as in this instance, the judge of his own motion promptly stopped the examination and did everything possible to remove any prejudicial effect from the minds of the jury, it is hardly becoming to assert that he was guilty of error. If the practice were permitted, it would be possible to refrain intentionally from making objections in order to lay ground for reversal.

■ The final exception as to the evidence is that the court erred "in permitting counsel for respondent Tony

Silva to exceed all reasonable bounds in attempting to show bias on the part of the witness Cooper'', one of appellants' witnesses, not concerned in any manner in the accident. The questions objected to were the refusal of Cooper on two occasions to answer inquiries of Silva's attorney as to the facts of the accident, which the witness admitted; whether he had not suggested to appellants' counsel other witnesses at the trial of another action growing out of the collision, to which the witness answered that he did not remember. Manifestly this examination was proper as tending to show the bias of the witness.

In the course of the trial the court asked some questions of Cooper, one of defendants' witnesses, and said that the witness had made contradictory statements as to the identity of a car involved in the accident, to which defendants' counsel objected. A reading of the testimony of the witness fully justifies the remark of the court.

Appellants assign as error the refusal to give an instruction to the effect that the jury was at liberty to consider the physical facts at the point of collision after the accident, and to draw reasonable and fair conclusions and inferences therefrom. There was no more reason for emphasizing those particular facts than any others appearing in evidence. All of the evidence was before the jury for their consideration in deciding the case.

Refusal of the court to instruct the jury that the administrator of the estate of Nora Silva could not recover damages for loss of support by her heirs in the absence of evidence that she had contributed to their support, is assigned as error. No evidence was introduced, or attempted to be introduced, of loss of support, nor was there any such allegation in the complaint. As there was no evidence to which such a declaration of law could apply, the court properly refused it. The court did, however, elsewhere clearly instruct the jury precisely to the effect requested by defendant.

In giving its instructions the court read to the jury the sections of the California Vehicle Act describing an obstructed intersection, a residence district, an intersection, and the lawful rates of speed on a public highway; also, those parts of the act relating to reckless driving, and the duty to stop and give aid. It is objected that there was

no evidence to which these provisions of the act would apply. There was evidence that the collision occurred either in, or right at, the intersection; that it was within a district calling for a limitation of speed, and that the highway signs announced that fact. The testimony of the defendant Harris estimated his speed at anywhere from twenty-five to thirty-three miles an hour, and there was evidence from which the jury might infer that he was driving in a reckless manner. They could hardly have arrived at their verdicts without so finding. The instructions on these points were, therefore, properly given.

As to the part relating to stopping and giving aid, while it is true there was no evidence of such failure, yet, as the defendants were stopped, and were in no condition to give aid, it cannot be conceived that the jury considered that in arriving at their conclusions.

It is claimed by appellants that each of the several judgments against them was excessive. Without going into any detailed exposition of the evidence, it is sufficient to say that the amounts found by the jury were justified by the undisputed facts.

The judgments are affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 11, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 13, 1933.