[Civ. No. 8971. Second Appellate District, Division Two.—December 31, 1934.]

EDITH SQUIAR et al., Appellants, v. ROBERT B. McLEAN, Respondent.

R. J. Gresham and Montgomery G. Rice for Appellants.

Chase, Barnes & Chase and Laurence A. Peters for Respondent.

STEPHENS, P. J.—By the first amended complaint filed in the lower court, plaintiff Edith Squiar (hereinafter re-

ferred to as appellant) and W. A. Squiar, her husband, brought suit against the defendant Robert B. McLean (hereinafter referred to as respondent) and one Oscar Johnson, claiming damages by reason of injuries sustained by her in a collision between a car driven by respondent in which appellant was riding as a guest and a car driven by said Johnson. Defendant Johnson was not served with process and at the trial was dismissed from the action.

The appellant testified at the trial that the collision occurred at Stanley and Saturn Streets in the city of Los Angeles at about 9 o'clock P. M. May 18, 1932; that she at that time was riding as a guest in the automobile of respondent; that respondent was driving the car; that they proceeded easterly on Saturn Street approaching the intersection with Stanley Street at a speed of about 25 miles an hour and that was the approximate rate of speed at which the car had been operated from the time she entered same; that just before reaching the intersection she noticed another car (the one driven by Oscar Johnson) south of the intersection going north on Stanley; that as near as she could judge respondent's car was about three car lengths from the intersection; that when respondent's car was about three car lengths west from the intersection she noticed the other car (driven by Oscar Johnson); that she could not exactly tell how far away the other car was but "it was farther than we were, I could tell that much, but I couldn't say just how far it would be"; that as she saw the other car approaching the intersection she said "look out" and testified she thought it was going about 40 miles an hour; that respondent did not do anything and did not apply the brakes and continued on into the intersection at approximately the same rate of speed; that she had barely said "look out" when the collision occurred in the intersection, the exact part of which she could not state, and that respondent's car was turned over resulting in injuries to her; that there was nothing unusual about the manner in which respondent drove his car or about the speed at which he drove the car which attracted her attention; that she did not pay any particular attention to the speed or the manner in which the car was being driven; that the accident occurred very suddenly; that after she saw the other car it was a matter of a few seconds.

The foregoing facts were not substantially altered by any of the testimony by respondent.

The court found that at the time and place of the collision respondent McLean and defendant Oscar Johnson and "each of them operated their respective automobiles in such a careless, negligent and dangerous manner as to cause them each to collide with the other, thereby causing the automobile of the defendant Robert B. McLean, in which the plaintiff Edith Squiar was riding as a passenger, to overturn injuring her" and then found "that at said time and place the defendant McLean was not guilty of any *wilful* misconduct either by heedlessly or recklessly or wantonly or wilfully or unlawfully driving his said automobile into the intersection . . . or otherwise"; and concluded as a matter of law that appellant was not entitled to recover. Judgment followed accordingly in favor of respondent Robert B. McLean and from such judgment the plaintiffs Squiars have appealed.

The principal question presented by this appeal is, from the aforementioned undisputed facts, was respondent guilty of misconduct within the purview of section 141¾ of the California Vehicle Act, which provides that a guest rider cannot recover from the operator of a vehicle for injuries unless such injuries to such guest proximately resulted from the intoxication or wilful misconduct of such driver. The section also provides that the burden shall be upon the plaintiff to establish that such intoxication or wilful misconduct was the proximate cause of the injuries. In the case at bar there was no question whatsoever of intoxication.

Since the amendment to this section in 1931, the Supreme Court as well as the District Courts of Appeal in this state have had numerous occasions to interpret the meaning of this section. But the facts as above delineated do not present any problem concerning the legal meaning of the term "wilful misconduct" as used in the statute nor is any explanation of that term or any other portion of the statute needed. Upon the facts the jury could well have found that no misconduct of any nature was attributable to the respondent.

The plaintiffs have also appealed from the order taxing costs, claiming that the item of $15 for the deposition of appellant Edith Squiar, taken by respondent, should have

been disallowed. The objection to this item is based upon the assumption by appellants that respondent in whose favor the judgment was rendered had a contract of insurance and therefore respondent personally was under no obligation to pay costs. The evidence does not disclose any such contract nor does it show any abuse of discretion on behalf of the court. (*Puppo* v. *Larosa*, 194 Cal. 721 [230 Pac. 440].)

Judgment affirmed.

This opinion was prepared by Honorable Ruben Schmidt, sitting as a justice *pro tem.* of this court, and is not signed by him for the reason that he is sitting in another county. We have taken the liberty of striking from the text several quotations from other opinions and of substituting therefor the paragraph stating that the facts of this case present no legal problem as to the meaning of section 141¾ of the California Vehicle Act, Statutes 1929, page 1580, Deering's General Laws.

Crail, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 28, 1935.