[Civ. No. 11687. Second Appellate District, Division One.—February 20, 1939.]

OSCAR O. B. ALLBRITTON, Respondent, v. INTERSTATE TRANSIT LINES (a Corporation), Appellant.

E. E. Bennett, Edward C. Renwick and Malcolm Davis for Appellant.

Henry G. Bodkin and Guy Stuart Silliman for Respondent.

WHITE, J.—This appeal is taken by defendant, Interstate Transit Lines, a corporation, from an adverse judgment.

The action was one for damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of defendant. Defendant owned and operated a passenger-carrying bus on the road between Boulder City, Nevada, and Las Vegas, Nevada. Plaintiff alleged in his complaint that on March 13, 1935, while he was a passenger for hire on said bus, the same was driven in such a negligent manner that it overturned while plaintiff was riding therein; and further alleged that defendant was negligent in per-

mitting the bus to be operated on the highway "with an unsafe and faulty .steering gear and with unsafe and faulty brakes".

By its answer defendant denied any negligence in the maintenance or operation of the bus, denied that the steering gear was unsafe or faulty, or that the brakes on the bus were either unsafe or faulty. Defendant's answer further averred that while the bus was proceeding along the highway and while it was being operated in a careful manner, one of the springs on the bus suddenly broke by reason of an internal defect in the material comprising said spring which was not discoverable by careful inspection, and that by reason thereof the bus was caused to swerve suddenly from its course and overturn. Defendant further alleged that it had at all times maintained the bus in proper repair and had made all inspections and overhauls reasonably necessary to maintain the bus in a safe and proper condition, but that notwithstanding all such precautions, the defect in said spring could not be and was not discovered.

The cause was tried before a jury, which returned a verdict in favor of the plaintiff for $20,000 general and $5,000 special damages. Judgment having been entered thereon and its motion for a new trial being denied, defendant prosecutes this appeal from such judgment.

Upon the trial plaintiff testified that the bus was traveling toward Las Vegas at a speed of approximately forty-five to fifty miles per hour, when all at once "it gave quite a rock to the right and commenced to shimmy. The driver first sat back into his seat and then stood up on the brake, but the bus continued to go off the highway. Then a piece of glass popped—a piece of it flew back inside and I pulled my overall jumper over my head. We got a shake or two more and then the bus went back the other way and began to turn over." With respect to the cause of the accident, plaintiff also introduced evidence through two former employees of defendant corporation to the effect that the brakes on the bus always had been faulty and were faulty at the time the bus was taken out on the day of the accident.

To meet the *prima facie* case of negligence made by the showing of the accident, defendant introduced evidence to the effect that the bus involved in the accident was regularly inspected and repaired, including daily inspection of

its under parts, and that one or two days before the accident the defendant's mechanic had made a front-end inspection of the bus, consisting of thoroughly cleaning the front wheels, spindles, front wheel bearings and front steering mechanism; also the tie rod and the springs. It was further testified that after such cleaning process a solution of chalk and alcohol was applied to these parts in order to show up cracks, flaws or defective parts, if any, in the materials. In doing this, it was testified, the mechanic looked at the left front spring, but did not discern any defect in the metal of which the spring was composed. On the day following the accident, this mechanic made another inspection of the wrecked bus, particularly with reference to the left front spring. He testified that he found "the left front spring broken and the left front brake cable torn loose from the wheel housing . . . I will say the break showed approximately fifty per cent old break and fifty per cent new break. . . . I had inspected the underparts of the bus each day for probably a year." The driver of the bus testified that as the bus went through a slight depression in the pavement he felt the left side drop; that he tried to apply the brakes, but found that the foot pedal already was down to the floor when he put his foot on it; that the bus slowed down some when he pressed on the foot brake and slowed down some more when he applied the emergency brake; that the bus then turned to the right and the steering gear had no effect in bringing it back until suddenly it swung abruptly to the left and then commenced to turn over. The driver further testified that on the ill-fated trip prior to the accident he had used the brakes and that they worked properly on those occasions.

Under these circumstances, the trial court, after instructing the jury that upon proof of an injury to a passenger on the car of a common carrier, caused by the operation of a car, a *prima facie* case of negligence is made out against the carrier, whereupon the carrier must assume the burden of proving that the injury was occasioned by unavoidable casualty or some other cause which human care and foresight could not prevent, or by the contributory negligence of the passenger himself, then instructed the jury as follows:

"Having established such facts by such preponderance of the evidence, the burden of proof shifts, and *defendant carrier must prove by a preponderance of the evidence* that the

injury was occasioned by an unavoidable casualty, or some other cause, which human care and foresight could not prevent, before such carrier can escape liability.''

In another instruction the court also advised the jury in part as follows:

'' . . . The questions whether said spring contained an internal or latent defect which could not be discovered by the exercise of reasonable skill, and whether defendant caused reasonable inspections or overhauls to be made so as to keep said bus in reasonable repair and make it safe for use, are both questions of fact for you alone to determine. *Unless you believe, from a preponderance of the evidence,* that the broken spring was an unavoidable casualty, which proximately caused the accident, or that said accident was one which, by the exercise of human care and foresight, defendant could not prevent, or that plaintiff, himself, contributed to his injuries by his own negligence, your verdict should be for plaintiff. On the other hand, if defendant has established any one of these three last named defenses *by a preponderance of the evidence,* your verdict must be for the defendant.''

The giving of these instructions was error. ■ No citation of authority is necessary for the statement that in any action for damages resulting from negligence, a cause of action against the defendant is stated only when negligence on the part of the defendant is alleged, and at the trial such negligence must be proved by the plaintiff by a preponderance of the evidence. ■ True, as stated in Shearman & Redfield on Negligence, sixth edition, volume I, page 133, section 59, ''When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.'' But when such an accident is shown, a *prima facie* case of negligence on the part of the defendant is made, and the latter is required to show the exercise of such requisite care as will offset the inference of negligence arising from the occurrence of the accident. Such inference, however, is merely evidence in the case—no different in effect than evidence of witnesses showing negligence. ■ The burden of proving negligence by a proponderance of the evidence

never shifts from one side to the other in the trial of a case, but continuously remains with the party having the affirmative of the issue—the plaintiff in an action for damages for negligence. The defendant is never required to show a want of negligence by a preponderance of the evidence. (*Valente* v. *Sierra Ry. Co.*, 151 Cal. 534 [91 Pac. 481]; *Scarborough* v. *Urgo*, 191 Cal. 341 [216 Pac. 584]; *Seitzman* v. *Srere Corp.*, 116 Cal. App. 674, 678 [3 Pac. (2d) 58]; *Olinger* v. *Pacific Greyhound Lines*, 7 Cal. App. (2d) 484, 486 [46 Pac. (2d) 774].)

"The term 'burden of showing' or 'burden of proof' used in that connection, signifies simply the burden of meeting the *prima facie* case made by the plaintiff. This is the only theory upon which such instruction can be held to be free from error, unless we are to hold that the well-settled rule as to the burden of proof being on the party who has the affirmative of the issue has no application in the one case of an action for negligence, where the damage results from an accident to a thing under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care." (*Valente* v. *Sierra Ry. Co., supra,* p. 539.) Therefore all that is required of the defendant is to produce evidence sufficient to offset the effect of plaintiff's showing, but the defendant is not required to offset it by a preponderance of the evidence. In *Sweeney* v. *Erving,* 228 U. S. 233 [Ann. Cas. 1914D, 905, 57 L. Ed. 815, 33 Sup. Ct. 416], it was said: "*Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

While it is true, as contended by respondent, that in the instant case appellant in its answer alleged that it had used the requisite care in the maintenance and inspection of the bus, and also that the proximate cause of the accident was the latent defect in the left front spring, nevertheless this did not change the rule that the burden of proving negligence by a preponderance of the evidence remains unchangeably and constantly with the plaintiff. In his complaint respondent placed reliance upon the doctrine of *res ipsa loquitur,* and what was said in the answer in addition to the denial of negligence on the part of defendant was merely supple-

mentary to such denial and superfluous. It did not in any way change the effect of such denial. It did not constitute the statement of an affirmative defense.

Respondent's contention that a reading of all the instructions given by the court discloses that the jury was fairly and correctly instructed as to the law is unavailing, because by those instructions complained of the jury was clearly and unequivocally instructed that the defendant must show *by a preponderance* of the evidence that it was not negligent. As was said in *Seitzman* v. *Srere Corp., supra,* "The language referred to, therefore, might well have been the very thing that determined the verdict returned. The fact that the court earlier in the instructions told the jury in effect that unless plaintiff proved by a preponderance of the evidence that defendant was guilty of negligence he could not recover could not in our opinion cure the error, as the jurors might well think that such earlier instruction applied to evidence produced before them and that it had no application to a case where the facts themselves spoke and in connection with which they were in effect told that the defendant must overcome such *prima facie case* by a *preponderance* of the evidence. An instruction to the effect that the jurors might infer negligence from the situation surrounding the accident would attract their attention rather more than the ordinary instruction, anyway, and placing the burden on the defendant to overcome such inference by a preponderance of the evidence must have had a very impressive effect. At least in our opinion it constituted prejudicial error."

In none of the cases cited by respondent to sustain his claim that the instructions complained of were without prejudice to appellant, did the court advise the jury that the "burden of proving" absence of negligence on the part of the defendant required the latter to exculpate itself by a preponderance of the evidence. The phrase "burden of proving", as used in the instructions in the cases cited by respondent, was properly used in advising the jury that upon proof of a *prima facie* case by plaintiff the burden was cast upon the defendant to produce evidence sufficient to meet, by evidence of equal, but not superior weight, the case made by the plaintiff's evidence, as aided by the inference arising under the doctrine of *res ipsa loquitur*. A reading of the entire charge to the jury in the case at bar immediately sug-

gests that the trial court intended to and did advise the jury that it was up to the defendant to produce a *preponderance of evidence* in order to escape a judgment against it. That such was the view of the trial court is evidenced by its refusal to give the following instruction proffered by defendant:

"In this case the plaintiff claims to have sustained injuries by reason of the negligence of the defendants. The burden is upon the plaintiff to prove such negligence by a preponderance of the evidence, and to prove further that such negligence upon the part of the defendants contributed directly and proximately to the injuries sustained. On both of these issues the burden is upon the plaintiff. Unless the plaintiff proves both the negligence of the defendants and that such negligence directly or proximately contributed to the injuries sustained, there can be no recovery herein, and your verdict must be against the plaintiff and in favor of the defendants."

It is true, as respondent urges, that the court did instruct the jury, " . . . If you believe from the evidence that the defendant Interstate Transit Lines performed this duty with regard to the bus involved in the accident, and that the accident was either an unavoidable casualty or one which could not have been prevented by the exercise of reasonable human care and foresight, then you are instructed that it was guilty of no negligence and your verdict must be in favor of said defendant, Interstate Transit Lines"; but such an admonition did not cure the vice contained in the instructions which advised the jury that it devolved upon defendants to make such proof by a preponderance of the evidence. As was said in *Valente* v. *Sierra Ry. Co., supra*, at page 539, "When a defendant has made such a showing as to the exercise of the care required of him by the law as to leave the evidence upon the issue of negligence in such condition that the jury cannot conclude that the negligence has been satisfactorily shown, he has met the requirements of the law, and the verdict must be against the plaintiff." The rule just stated is fully recognized and established by the decisions in this state.

Respondent's claim that the appellant was not prejudiced by the court's failure to instruct the jury that the burden of proof as to the main issue of negligence remained with the plaintiff throughout the trial, for the reason that under the evidence the jury was bound to find against defendant, cannot be upheld, because there was in the record a substantial

conflict in the evidence upon the issue of whether the accident was caused by, or resulted from, such inevitable casualty or unavoidable accident, or cause beyond human care or foresight to prevent. We cannot say as a matter of law that the instructions here under attack were not prejudicial to the defendant. It follows that the judgment must be reversed on account thereof.

The other points raised in support of a reversal do not require notice for the purpose of another trial.

For the foregoing reasons, the judgment is reversed and the cause remanded for a new trial.

York, P. J., and Doran, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 20, 1939.