[Civ. No. 15477.   Second Dist., Div. One.   Apr. 1, 1947.]

HELEN BOVETTE, Appellant, v. LOS ANGELES TRANSIT LINES (a Corporation) et al., Respondents.

Laurence B. Martin and Horace L. Hahn for Appellant.

Gibson, Dunn & Crutcher, Sherman Welpton, Jr., and Leo Friedman for Respondents.

DORAN, J.—The plaintiff herein, passenger on a streetcar operated by the Los Angeles Transit Lines, has appealed from an adverse judgment entered upon a verdict denying recovery of damages for personal injuries alleged to have resulted from a collision between the streetcar and a motor truck driven by the other respondent, Max H. Schiller; and from the denial of a new trial. The collision occurred at approximately 1 p. m. on October 24, 1944, some 180 to 200 feet from the intersection of 11th Street and Grand Avenue in the city of Los Angeles.

The record discloses that at the time of the collision the pavement was dry, the weather was clear; the streetcar was of the new streamlined design. Immediately prior to the accident the streetcar had been halted at the intersection by reason of traffic signals and to admit passengers. With the change in traffic signals the car proceeded along Grand Avenue towards a point where respondent Schiller's truck had been parked adjacent to the curbing, facing in the same direction as the streetcar. The truck was about 18 feet in length with a stake body, and at the moment of collision was being moved by Schiller from its parked position into the flow of traffic. Schiller testified that before pulling out from the curb, "I looked down the street and I saw this streetcar there with the red lights set against it, so I got into the truck and I pulled up this (mechanical) arm with the rope . . . which indicates that I am going to make a left-hand turn." According to Schiller's testimony, "maybe fifteen or twenty seconds" elapsed while maneuvering the truck from the parking place and before the collision occurred. Schiller also waited for two automobiles to pass before moving the truck into the stream of traffic, the truck then remaining in an "angled position," some "two or three, four or five feet" away from the curb. The streetcar motorman testified that "When I was approximately fifteen or twenty feet away from the truck I realized the danger, that he might possibly pull on the rails." The record also contains the motorman's statement, commented on by appellant: "I might have saw the truck sooner. I don't recall how soon I saw the trucks." There is also evidence that the motorman sounded the gong "one or more times." It appears that the streetcar was in proper working order and the motorman testified that at 20 miles per hour it would require a space of 60 feet to stop the car, or 40 feet when traveling at 15 miles per hour, the latter speed being estimated as that of the car just previous to the collision.

According to the appellant's brief "the impact consisted essentially of a glancing blow." The truck driver, Schiller, described the collision by saying, "Well, all that happened there was the street car brushed against the side of the truck. There was no impact." Appellant's brief further says: "With the application of the brakes by the operator of respondent's car and the impact of the collision . . . the appellant (who was sitting on the operator's side of the car approximately 3 feet to the rear of the center of the car) was thrown forward, thrown up out of her seat and partly over the railing of the seat in front of her," suffering injuries therefrom. Appellant's 72-year-old mother seated next to the appellant, was not injured, nor does it appear that complaint of injury was made by any other passenger. As before indicated, the verdict of a jury denied appellant the right to recover damages from either of the respondents.

Extended argument is found in the appellant's brief to the effect that "There is insufficient evidence to support the verdict of the jury in the instant cause," and it is claimed that "A review of the evidence, . . . disclosed certain uncontroverted facts which the appellant contends rendered the respondents herein guilty of negligence, and that by no construction of the evidence as presented can the verdict . . . be justified in law or in fact." The argument, however, is unavailing. It is fundamental that "appellate courts sit to review errors of law, and are without power to make findings of fact, and it is only when the question is presented as one of law that the appellate court will examine it (the evidence) to this sole end." (2 Cal.Jur., Appeal and Error, §§ 542 et seq.) "It must be borne in mind," continues this work, "that the question before the court in considering the attack on the verdict . . . is not how it would find the facts to be, but . . . was there substantial evidence in support thereof? If so, the verdict must stand, however strongly such evidence may be opposed by other evidence." As was said in *Rinker* v. *McKinley*, 65 Cal.App.2d 109, 110 [149 P.2d 859], "the rule is established that it is not sufficient ground for reversal of a judgment for an appellant to point out or to even demonstrate to an appellate court that a finding is against the preponderance of the evidence; he must show that there is not any substantial evidence to sustain the questioned finding." That the record in the instant case presents substantial evidence to sustain the verdict rendered, cannot be doubted.

■ The appellant maintains that "The only possible explanation of the jury's conclusion may be found perhaps in the errors committed by the trial court in the matter of the instructions read." In this connection complaint is made of two instructions. First, that "The instruction relating to respondent Schiller's liability in the event that the jury found he had violated a provision of the Vehicle Code (by turning into the traffic without exercising reasonable care) was meaningless without the additional and all essential element that if such violation were established then the jury should find him guilty of negligence *per se*." Appellant's other complaint is that the trial court erroneously instructed the jury as to the care to be exercised in case the motorman was confronted by an "emergency not caused by his own negligence," when, as appellant maintains, "the evidence wholly failed to support even a remote possibility" that an emergency existed.

The giving of neither instruction warrants a reversal. The instruction which gave to the jury the relevant provisions of the Motor Vehicle Code, was requested not by the appellant but by the respondent transit company, and the appellant did not request the giving of that further explanation which it is now insisted should have been given by the court. In other parts of the charge the jury was correctly instructed as to the nature of negligence and ordinary care. Moreover, as hereinbefore indicated, the record reveals substantial evidence to justify the verdict.

■ The instruction which told the jury, "if you should find that the motorman of the street car was confronted by an emergency not caused by his own negligence, wherein he was required to make a choice of courses of conduct, both dangerous for someone, the fact that he chose a course that involved the risk of plaintiff's safety is not, in itself, proof of negligence," does not seem improper under the circumstances disclosed by the evidence. In view of the very brief interval of time and distance which preceded the collision—"maybe fifteen or twenty seconds" between maneuvering the truck into the street and the impact; and from the evidence that the motorman realized the danger when the car was only fifteen or twenty feet from the point of impact,—the jury might well believe that a sudden emergency was presented. Appellant's insistence that the motorman's statement, "I might have saw the truck sooner," indicated negligence and the absence

of any emergency, is not persuasive. As said in respondent's brief, the motorman presumably "used the word 'might' to indicate that he may have seen the truck sooner but that its presence or activity made no impression on him because it was not then a danger."

There being substantial evidence to justify the verdict, and no prejudicial error appearing in the record, the judgment is affirmed and the attempted appeal from the order denying a new trial is dismissed.

York, P. J., and White, J., concurred.