[Civ. No. 3913.   Fourth Dist.   July 8, 1949.]

HERBERT N. DODGE, Appellant, v. SAN DIEGO ELEC-
TRIC RAILWAY COMPANY (a Corporation) et al.,
Respondents.

760

Vernon F. Bennett for Appellant.

Huntington P. Bledsoe and F. Morton Cameron for Respondents.

GRIFFIN, J.—Plaintiff brought this action to recover damages arising out of an accident wherein he was injured while riding as a passenger on a bus belonging to defendant corporation and operated by defendant E'Golf, an employee. La Mesa Boulevard, in the city of La Mesa, is a through boulevard running east and west. Palm Avenue runs north and south. Boulevard stop signs were erected on it as one approaches the intersecting corner. While proceeding westerly on La Mesa Boulevard the bus stopped at the northeast corner of the intersection. Plaintiff trailed nine other passengers in entering the bus, and was wending his way to a rear seat when it started up. When it reached the center of Palm Avenue, the

operator of the bus, according to his testimony, observed an automobile traveling north on Palm Avenue. It was about to enter the intersection without stopping at the stop sign or slowing down to any degree. In order to avoid a serious collision, which then appeared unavoidable, he forcibly applied his brakes to make an emergency stop and was successful, by a matter of inches, in avoiding a collision with the automobile so passing the pathway of the bus. Plaintiff, who was still standing, lost his balance or was thrown to the floor and was injured.

Plaintiff alleged in his complaint that defendants so carelessly, recklessly and negligently drove and operated and violently jerked the bus that plaintiff was thrown down with great force and violence and was permanently injured. He sought damages against both defendants. They answered, denied generally the allegations of the complaint, and as a separate defense pleaded contributory negligence of the plaintiff and also that the accident was not caused by reason of lack of any care on the part of any of the defendants, but was unavoidable, under the circumstances related, and that the operator of the automobile, in failing to make the boulevard stop was the sole and proximate cause of the accident and of plaintiff's injuries.

The trial court held the evidence of contributory negligence insufficient and took from the jury any such claim and refused any instructions based thereon.

The jury returned a verdict for defendants. Plaintiff appeals from the judgment and from the order retaxing costs on a settled statement in lieu of a clerk's and reporter's transcript. However, the so-called settled statement contains two volumes of transcript, which contain most all of the testimony taken at the trial, in addition to the instructions offered, given, and refused.

It is plaintiff's principal argument that the trial court should have granted his motion for new trial based upon the trial court's refusal to give all of the instructions proposed by him or on the grounds that the instructions as given were erroneous.  ▮  Plaintiff offered about 26 instructions which covered his version of the evidence. They were most favorable to his theory of the case. One general instruction (No. 11) contained about 1,700 words. It minutely detailed plaintiff's interpretation of the issues presented by the complaint and answer. The subject matter contained within this general instruction was sufficiently covered in a general instruction

given by the trial court. Many of the instructions offered by the plaintiff and refused by the trial court contained one or two statements, either in the body or at the conclusion of each, that defendants, under the circumstances related, "were required at all times, in starting, operating and stopping said bus, to use and to exercise the utmost and highest degree of care and diligence that very cautious persons would use," and if defendants failed "even in the slightest" to use such care they were negligent and if such negligence was the proximate cause of the injury their verdict "must be in favor of plaintiff." The refused instructions were in the nature of formula instructions, each purporting to set forth the circumstances under which the jury would have been required to return a verdict in favor of the plaintiff. They were repetitious in substance and unduly emphasized plaintiff's theory of the case and stated that under those circumstances a verdict "must be returned in favor of plaintiff." The degree of care required by law of a common carrier was repeatedly stated to be the "utmost" and "the highest" degree of care and diligence of "a very cautious person." Section 2100 of the Civil Code declares "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill." It would be a useless consumption of space and energy to fully set forth all of the 26 instructions offered and to carefully analyze them. Some contain erroneous statements of substantive law. Others were not necessarily applicable, or were sufficiently covered by other instructions. Recognizing the task presented in analyzing the 104 instructions offered by both plaintiff and defendants and the confusion that might exist in the minds of the jurors by giving the many instructions requested by both parties, the trial judge refused all but one of these proffered instructions and proceeded to give his own instructions on the subject matter contained therein. The instructions as given, generally speaking, were taken from Book of Approved Jury Instructions (B.A.J.I.). The use of these forms has been commended by reviewing courts. (*Temple* v. *De Mirjian*, 51 Cal.App.2d 559, 566 [125 P.2d 544]; *Reed* v. *Stroh*, 54 Cal. App.2d 183, 188 [128 P.2d 829]; and *Wilkerson* v. *Brown*, 84 Cal.App.2d 401 [190 P.2d 958].) There is abundant authority to the effect that it is not necessary for the court to give instructions in the particular language requested. If the subject matter is properly covered and the law applicable

to the case is fairly and fully given, that is sufficient. (*Folger v. Richfield Oil Corp.*, 80 Cal.App.2d 655 [182 P.2d 337]; 24 Cal.Jur. § 79, p. 806.) ▓ Proposed instructions which are argumentative and misleading should not be given. (*Tower v. Humboldt Transit Co.*, 176 Cal. 602 [169 P. 227].) ▓ Instructions should not draw the jury's attention to particular facts. It is error to give and proper to refuse an instruction that unduly overemphasizes issues, theories or defenses either by repetition or by singling them out or making them unduly prominent although the instruction may be a legal proposition. (*Chutuk v. Southern Counties Gas Co.*, 21 Cal.2d 372 [132 P.2d 193]; *McNally v. Casner*, 128 Cal.App. 680 [18 P.2d 94]; *Robertsen v. Brown*, 37 Cal.App.2d 189 [99 P.2d 288].) ▓ When an instruction directs a verdict for the plaintiff if the jury finds certain facts to be true, it must embrace all things necessary to show a legal liability on the part of the defendant to warrant the conclusion that the plaintiff is entitled to a verdict. (*Rush v. Lagomarsino*, 196 Cal. 308 [237 P. 1066]; *Ebrite v. Crawford*, 215 Cal. 724 [12 P.2d 937]; *Tice v. Pacific Electric Railway Co.*, 36 Cal.App.2d 66 [96 P.2d 1022, 97 P.2d 844].) Repetitious reference, in the instructions, that under the circumstances related the jury "must find in favor of plaintiff" or "in favor of defendant" has been condemned. (*Taha v. Finegold*, 81 Cal.App.2d 536 [184 P.2d 533].) The giving of such formula instructions has been criticized under the theory that they frequently amount to an argument rather than a fair discussion of the law. (*Elsey v. Domecq*, 114 Cal.App. 42 [299 P. 794]; *Douglas v. Southern Pacific Co.*, 203 Cal. 390, 393 [264 P. 237].) The court then gave 37 instructions which, in general, covered the same subject matter as those proffered by the plaintiff to which plaintiff takes exception individually and collectively, and in minute detail criticizes them. Time and space preclude a complete statement of the instructions as given, the objections thereto, and an analysis of the reasons for the conclusions we have reached. ▓ If the trial judge, by the instructions given, did fairly and fully inform the jury concerning the law applicable to the issues before it, the plaintiff may not be heard to say that the court erred in failing to give his proffered instructions. (*Tice v. Pacific Electric Railway Co., supra.*)

Suffice to say, the court instructed the jury that the defendant company was a common carrier and as such acted only through its officers and employees and the actions and omissions of such employees, done under the scope of its authority

are, in contemplation of law, the acts and admissions respectively of the corporation whose agents they are; that the defendant E'Golf was such an agent and that his conduct should be deemed by the jury to have been the conduct of the corporation; that Dodge was a passenger for hire; that the degree of care required was that specified in section 2100 of the Civil Code.

An instruction in the exact language of 204(d), page 298, Book of Approved Jury Instructions (B.A.J.I.), was given. The objection to it is that by this instruction the jury was told in a *negative*, rather than a *positive*, manner, the degree of care required of the defendant railway company. We see no merit to this objection.

The court then properly defined "proximate cause" and then added that the law does not recognize only "one proximate cause" of an injury but that the acts and omissions of two or more persons may work concurrently as the efficient cause, and in such a case, each of the participating acts of omission is regarded in law as a proximate cause.

One of plaintiff's main objections centers around instruction No. 26. The first paragraph thereof is copied from instruction No. 140, B.A.J.I., page 169, in which it is stated: "General human experience justifies the inference" that if the person did not see that which was in plain sight, or that he listened, but did not hear that which he could have heard in the exercise of *ordinary care*, it follows that either there is an irreconcilable conflict in such evidence or the person was negligently inattentive. Plaintiff takes exception to the use of the words "ordinary care" as being inapplicable in the instant case, and claims that the instruction, as given, only required the bus driver to use "ordinary care" in looking. Then follows, in the same instruction, an exception, stating that circumstances may have prevented a person of "ordinary prudence," in the same situation, from reacting to his perceptions as he otherwise would have done.

The instruction, although proper in form when applied to an accident where ordinary negligence is involved, has no application to injuries to passengers arising out of an accident involving a bus carrying persons for reward. The rule as to the degree of care required in such case is clearly stated in section 2100 of the Civil Code.

However, the instruction, as given, was a general one and explanatory of what "inferences human experience" would

justify. The evidence shows that the bus driver did see the operator of the other car approaching but, believing that he would obey the law and stop at the intersection, he proceeded onward into the intersection. The jury was elsewhere and repeatedly instructed that the defendant carrier was "required to exercise the utmost care and diligence for the safe carriage of the plaintiff" and that "although a person who himself was exercising the care required of him by law had a right to assume that others would obey the law, and could act upon such assumption," still "one is not justified in ignoring obvious danger although it is created by another's misconduct nor is he ever excused from exercising the care required of him by law," and that defendants were responsible to plaintiff even though the defendants' negligence was not the sole cause of the accident, "for the operator of said bus and the defendant railway corporation are liable . . . if any negligence or failure on their part, even though slight, to use the utmost and highest degree of care . . . for the safety of plaintiff . . . should concur or join with that of another, such as the driver of another vehicle, in producing such injury, damage or loss," and that the "fact that the bus driver had the right of way, if such be the fact, does not excuse him from the exercise of that degree of care which the law enjoins upon a common carrier for the safe transportation of its passengers."

In view of the various instructions given, as a whole, and those given by the court on the degree of care required of a common carrier to passengers for hire, it cannot be said that a different verdict might have ensued if the criticized instruction had not been given, or that the giving of such an instruction was prejudicial error. (*Blanton* v. *Curry,* 20 Cal.2d 793 [129 P.2d 1]; *Stamper* v. *Schemmel,* 69 Cal.App.2d 449 [159 P.2d 66]; *De Priest* v. *City of Glendale,* 74 Cal.App.2d 464, 473 [169 P.2d 17]; *Douglas* v. *Southern Pacific Co.,* 203 Cal. 390, 396 [264 P. 237].)

█ Objection is taken to the failure to give plaintiff's proposed instruction and the giving of an instruction by the court on the res ipsa loquitur rule. Plaintiff's proffered instruction was rightfully refused. By its terms it instructed the jury that the happening of the accident, as described, creates an inference that the accident arose from the failure or neglect on the part of the defendant to use the highest or utmost care for the safety of its passengers; that when such inference arises, the burden is *shifted* to defendants to rebut such inference, by proving that defendants did exercise the utmost care and that

there has been no negligence "whatsoever" on their part. Such is not the law. ■ The doctrine of res ipsa loquitur does not shift the burden of proof, but the burden always remains with the passenger. (*Allbritton* v. *Interstate Transit Lines*, 31 Cal.App.2d 149 [87 P.2d 704]; *Armstrong* v. *Pacific Greyhound Lines*, 74 Cal.App.2d 367 [168 P.2d 457].) The instruction, as given, is identical with No. 206-B, Book of Approved Jury Instructions (B.A.J.I.), page 321, and sufficiently covers the subject matter. (*Karsey* v. *San Francisco*, 130 Cal.App. 655 [20 P.2d 751].)

■ Many of the instructions given described the care necessary as "care required by law" and "due care." The jury had been properly instructed that the plaintiff was a passenger and that as a carrier, defendants were "required by law to use the utmost care and diligence for the safe carriage" of plaintiff. No prejudice resulted from the use of these phrases. (7 A.L.R. 135; *Stadler* v. *Pacific Electric Ry. Co.*, 23 Cal.App. 571 [138 P. 943].)

Plaintiff complains of the court's instruction copied from 204-J, Book of Approved Jury Instructions (B.A.J.I.), page 306, as to the duty of the driver of a bus when confronted with an emergency. The instruction, as given, is a proper statement of the law. (*Bovette* v. *Los Angeles Transit Lines*, 78 Cal.App.2d 860 [179 P.2d 80]; *McKinnon* v. *United Railroads of San Francisco*, 55 Cal.App. 96 [203 P. 122].)

■ The court gave an instruction in the language of section 82.5 of the Vehicle Code defining a "through highway," which requires that vehicles entering it from intersecting highways are required to stop, when stop signs are erected as provided by the Vehicle Code. The instruction also defines the right of way rule under section 552 of the Vehicle Code. Plaintiff argues that the evidence fails to show that La Mesa Boulevard was a "through boulevard" as thus defined. The evidence is without conflict that there were boulevard stop signs erected and standing even with the property line of La Mesa Boulevard on Palm Avenue, facing traffic about to enter and cross that boulevard from the north and south. The City Clerk of La Mesa testified, without objection, that that boulevard was a "main highway" and that under the city ordinance all automobiles approaching it must come to a stop before entering it. The ordinance was received in evidence. He then testified that in 1945, there were erected, by the proper authorities, stop signs as here indicated. Counsel for plaintiff raised

no issue at the time of trial and did not contend there that the stop signs were not properly installed or that La Mesa Boulevard was not a through highway. He offered no proof to support his present contention. Throughout the case he referred to the "stop signs" on Palm Avenue, and to La Mesa Boulevard as a through highway. It must therefore be presumed on appeal that they were erected as provided by law and that La Mesa Boulevard was such a through highway. (*Lenning* v. *Chiolo*, 63 Cal.App.2d 511, 517 [147 P.2d 410]; *Lindenbaum* v. *Barbour*, 213 Cal. 277, 285 [2 P.2d 161]; *Bender* v. *Perry*, 37 Cal.App.2d 206, 213 [99 P.2d 319].)

Plaintiff, in his brief, sets forth considerable testimony of various witnesses which he claims impeaches or destroys the value of the testimony of the defendant driver and establishes his negligence beyond question. No good purpose can be served by restating that testimony. It is sufficient to state that the verdict of the jury was supported by the evidence and that the evidence opposed to it only created a conflict therein and this conflict was decided adversely to plaintiff. (*Kazanjian* v. *Pacific Greyhound Lines*, *ante*, p. 210 [206 P.2d 887].)

We have reviewed, with much care and deliberation, the several instructions given and also those refused. We have read the entire transcript on appeal and we are convinced that the basic issues were fairly presented to the jury. A motion for a new trial was considered and denied by the trial court. While isolated passages in one single instruction may have been, in the respects indicated, amenable to criticism, the instructions, when considered in their entirety, state the law of the case fairly and clearly and the correct rule of law was, in this respect, so specifically stated and restated to the jury that we feel any claimed error, as indicated, played no part in the jury's deliberation, at least sufficient to believe that a different verdict would have otherwise been rendered. No prejudicial error in this respect resulted. (*Gladstone* v. *Fortier*, 22 Cal.App.2d 1 [70 P.2d 255]; *Perbost* v. *San Marino Hall-School*, 88 Cal.App.2d 796, 801 [199 P.2d 701].)

Plaintiff, upon motion and affidavit, moved to tax certain items of cost, i. e., "expert witness fees and examination" of medical experts appointed by the court. Defendant, in writing, moved the trial court for an order requiring plaintiff to submit to a physical examination before competent and skilled physicians and surgeons. After hearing, a signed order was made appointing two such medical experts to examine

plaintiff "on behalf of said defendants" and that defendants' attorney furnish plaintiff's attorney copies of their reports and that costs and expenses "attending such examination" be paid in the first instance by defendants but may be included as an item of cost in this action. The trial court struck from the cost bill "expert witness fees" of the two doctors but, by order, allowed one of them, $45, and another, $30, as "examination fees." Plaintiff appealed from this portion of the order and cited such cases as *Bathgate* v. *Irvine*, 126 Cal. 135, 148 [58 P. 442, 77 Am.St.Rep. 158] ; *Faulkner* v. *Hendy*, 79 Cal. 265 [21 P. 754] ; and *Crabtree* v. *Houghton*, 191 Cal. 33 [214 P. 846] ; which cases were decided before section 1871 of the Code of Civil Procedure was added by Statutes 1925, page 305, which now provides for the calling, by the court, of expert witnesses "required by the court or any party to such action" to investigate and testify relative to the matters in issue, and provides for the fixing of the compensation of such experts for such services as may have been rendered, at such amount as to the judge may seem reasonable and for the apportionment of such charges as the judge may determine, and that such charges may be taxed as costs. This section has been held constitutional. (*Estate of Hastings*, 206 Cal. 524 [274 P. 973].) Its provisions are discussed in *City of Los Angeles* v. *Clay*, 126 Cal.App. 465 [14 P.2d 926].)

It is true that the right to recover costs is entirely statutory and "the measure of the statute is the measure of the right." (*Moss* v. *Underwriters' Report, Inc.*, 12 Cal.2d 266, 274 [83 P.2d 503].)

We conclude that where plaintiff refused to submit to medical examination, as here indicated, and the defendants moved the trial court to appoint two medical experts to make such examination and the medical experts were thus named and appointed by the court by written order, and plaintiff was ordered to submit to an examination, and where the trial court, in effect, found that such expert evidence would be required by the court or by any party to such action, the trial court, in its discretion was, under the provisions of section 1871 of the Code of Civil Procedure authorized to fix a reasonable compensation for the services rendered for such examination, and to apportion the costs and charges to the several parties, and is authorized to tax such amount as costs. (*Metropolitan Water District* v. *Adams*, 23 Cal.2d 770 [147 P.2d 6] ;

*Puppo* v. *Larosa,* 194 Cal. 721 [230 P. 440] ; *Estrin* v. *Fromsky,* 53 Cal.App.2d 253 [127 P.2d 603] ; *City of Long Beach* v. *Anderson,* 139 Cal.App. 130 [33 P.2d 875].)

Since the charges allowed appear to be reasonable and no issue on that question is presented, the order allowing these items as costs should be sustained.

Judgment and order allowing costs affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied August 4, 1949, and appellant's petition for a hearing by the Supreme Court was denied September 1, 1949. Carter, J., and Schauer, J., voted for a hearing.